■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE SMITH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Murray, J.), rendered June 1, 1983, convicting him of robbery in the first degree, criminal possession of a weapon in the second degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered.

We agree with the defendant's contention that the trial court's charge improperly precluded the jury from considering the complainant's testimony that she believed that her assailant was armed with a toy gun. Thus, the jury was precluded from finding that since the defendant was found in possession of a loaded and operable weapon, he was not the assailant and that the gun found in his possession was not the gun used in the robbery. The record indicates that the jury was presented with sufficient credible evidence which could have supported a determination that the assailant used a toy gun in committing the robbery. The complainant testified that she was able to carefully observe the gun used in the robbery, and that she believed it was a toy gun, noting that she had previously been robbed by a person using a toy gun. She further stated that the trigger of the gun used in the crime had been pulled twice without the weapon firing or making any sound. The complainant subsequently fainted at the precinct when she was shown the recovered weapon and told that it was loaded and operable, because she had believed that the gun used was a toy. Since the resolution of the issues of whether the defendant was the actual robber and if so, whether he was carrying a toy gun, affected the outcome of the case, a new trial is warranted.

We further note the following errors in the trial court's

charge which should be avoided upon a retrial. First, in its instructions on reasonable doubt, the trial court improperly charged the jurors that " 'if your minds are wavering, or the scales are even' " the benefit of the doubt must be given to the defendant *(see, People v Wade,* 99 AD2d 474; *People v Johnson,* 118 AD2d 871). Second, the charge with respect to the defendant's failure to testify should have been restricted to the plain language of CPL 300.10 (2), without embellishment, to reduce the chance that the jury would consider the defendant's exercise of his right to remain silent as evidence of guilt *(see, People v McLucas,* 15 NY2d 167). Mollen, P. J., Mangano, Lawrence and Kooper, JJ., concur.