The People of the State of New York, Respondent, v

LEONARD JACKSON, Appellant 
 Memorandum:
Defendant appeals from his conviction after a jury trial of two counts of rape in the first degree and one count of sodomy in the first degree. At the hospital following the commission of the crime, claimant gave a history which included a detailed description of the events leading up to the rape and sodomy. Further, in this history the claimant identified by name her assailants. This hospital record was introduced into evidence over objection by defense counsel. On appeal defendant contends that this record was inadmissible hearsay, and improperly bolstered Ms. Scott's testimony, and therefore reversible error. We agree.

Hospital records generally are admissible under the business record exception to the hearsay rule (CPLR 4518). However, this admissibility is limited to the extent the entries relate to the diagnosis and treatment of the patient (People v Davis, 95 AD2d 837). The history portion of the hospital record as it relates to acts and occurrences not relevant to diagnosis or treatment of the patient are inadmissible (Williams v Alexander, 309 NY 283, 287; Richardson, Evidence § 302, at 277 [Prince 10th ed 1973]). This hospital record is not admissible under the hearsay exception allowing testimony of a prompt complaint by the victim of the injury, as this report is not merely confined to the victim's timely complaint, but rather provides a detailed report of the incident (People v Vicaretti, 54 AD2d 236, 244). The history portion of the hospital record was therefore inadmissible and improperly bolstered the complainant's testimony by showing that the witness had made previous similar statements (see, People v Wooden, 66 AD2d 1004, 1005). This error cannot be deemed harmless as the sole direct evidence implicating defendant was the testimony of the complainant (see, People v Crimmins, 36 NY2d 230, 241; Gunn v City of New York, 104 AD2d 848).

We further note that the trial court erred in its charge as to burden of proof by employing the "balancing of the scales" test. This language has often been held to be inappropriate as it can lead a jury to believe that something less than guilt beyond a reasonable doubt is sufficient for conviction (People v Wade, 99 AD2d 474, 475; People v Thompson, 97 AD2d 554, 555; People v Melville, 90 AD2d 488, 489; People v Fox, 72 AD2d 146). Its continued use is strongly disapproved. (Appeal from judgment of Supreme Court, Monroe County, Bergin, J. —rape, first degree, and sodomy, first degree.) Present—Callahan, J. P., Doerr, Boomer, Lawton and Schnepp, JJ.