■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON BELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Finnegan, J.), rendered June 14, 1984, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record discloses that there was sufficient evidence to sustain the jury's verdict convicting him of criminal possession of a weapon in the second degree. Although the defendant challenges the sufficiency of the evidence by attacking the credibility of the prosecution's principal witness, it is axiomatic that "issues of credibility are primarily for the jury, which has the 'advantage of seeing and hearing the witnesses' " *(People v Martin,* 108 AD2d 928, quoting from *People v Kidd,* 76 AD2d 665, 666, *lv dismissed* 51 NY2d 882; *People v Gruttola,* 43 NY2d 116, 122; *People v Rosenfeld,* 93 AD2d 872). We are "traditionally resistant to second-guessing [the jury's] determination on this issue" *(People v Di Girolamo,* 108 AD2d 755). We note, furthermore, that the background and prior inconsistent statements of the witness were fully presented for the jury's consideration *(see, People v Shapiro,* 117 AD2d 688; *People v Carter,* 114 AD2d 420; *People v Bussey,* 111 AD2d 403, 404). Viewing the evidence in a light most favorable to the People, as we must *(see, People v Kennedy,* 47 NY2d 196; *People v Benzinger,* 36 NY2d 29; *People v Martin, supra),* we conclude that a rational trier of fact could have found that the People proved the defendant's guilt beyond a reasonable doubt *(People v Martin, supra; People v Bigelow,* 106 AD2d 448).

In addition, the court's charge to the jury in connection

with the defendant's decision not to testify was proper *(see,* CPL 300.10 [2]; *People v Koberstein,* 103 AD2d 1021, *affd* 66 NY2d 989; *cf. People v Smith,* 121 AD2d 411), and we find no repugnancy in the jury's verdict, which acquitted the defendant of murder in the second degree while convicting him of criminal possession of a weapon in the second degree *(see, People v Goodfriend,* 64 NY2d 695, 697; *People v Tucker,* 55 NY2d 1, 7).

The defendant's remaining contentions are either not properly preserved for appellate review or lacking in merit. Mangano, J. P., Weinstein, Lawrence and Kooper, JJ., concur.