■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BAILEY, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Rohl, J.), rendered January 24, 1984, convicting him of attempted assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

With respect to the defendant's contention as to certain pretrial statements of two prosecution witnesses, we note that none of the pretrial statements was introduced into evidence or raised at trial and therefore the statements are dehors the record and not a proper subject of appeal (see, People v Tutt, 38 NY2d 1011; People v Johnson, 73 AD2d 652).

In any case, while there are apparent contradictions between certain pretrial statements by two prosecution witnesses and their trial testimony, the contradictions were extremely minor and inconsequential in effect and did not render the trial testimony incredible as a matter of law.

The defendant further contends that reversible error was committed when the court allowed the admission of a statement made by the defendant to a police officer that the defendant was involved in an altercation at the scene of the crime, also allowed trial testimony of two police officers which

allegedly bolstered the identification testimony of the victim, and further allowed the admission into evidence of a cigarette lighter found at the scene. Any error as to the admissibility of such testimony and evidence is harmless in light of the overwhelming evidence of the defendant's guilt *(see, People v Crimmins,* 36 NY2d 230). The defendant's case, presented primarily through the testimony of a codefendant, established that the defendant became involved in the altercation in question with a Pathmark security guard, poured gasoline on him and then attempted to light a cigarette lighter in close proximity to the guard. The only discrepancy between the prosecution and defense case was the defendant's position that he flicked the lighter while standing some distance from the security guard and thus meant only to frighten him. In light of the evidence, any of the above alleged errors could not have had an effect upon the outcome of the case.

We have reviewed the defendant's other contentions and find them to be either unpreserved or without merit. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.