■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

JOSEPH HARRIS, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: The trial court erred when it refused, as a matter of law, to permit examination of the victim concerning two prior claims of rape made by her within one year of the rape alleged in this indictment. Defendant was thus denied any opportunity to demonstrate that the victim's prior claims were false.

The court erroneously reasoned that examination of the victim on prior claims of rape is proscribed by CPL 60.42. That section provides that evidence of a victim's sexual conduct shall not be admissible in a case of this nature unless the evidence falls within one of five statutorily defined exceptions. The People concede that the type of evidence sought to be offered by defendant does not come within the proscriptive scope of CPL 60.42 and its admissibility rests within the discretion of the trial court *(see, People v Mandel,* 48 NY2d 952, *cert denied* and *appeal dismissed* 446 US 949, *reh denied* 448 US 908).

The court's failure to have exercised its discretion in this regard may not be viewed as harmless *(see, People v Williams,* 56 NY2d 236, 240-241). A determination of whether the victim consented or was forcibly compelled to engage in sexual activity with defendant rests upon the credibility of the victim. We will not speculate concerning what would have occurred had the court exercised its discretion as to an examination of the victim for purposes of impeachment *(see, People v Cronin,* 60 NY2d 430, 434 [Cooke, Ch. J., Wachtler and Simons, JJ., concurring]). Accordingly, the judgment of conviction must be reversed.

Since a new trial is required, we also note that it was error for the trial court to permit the examining physician to testify with respect to statements made to him by the victim regarding the location of the alleged attack and the identity of the perpetrator. That testimony impermissibly bolstered the victim's testimony *(see, People v Jackson,* 124 AD2d 975, *lv denied* 69 NY2d 746). The victim's medical history is admissible only to the extent that the information included therein is relevant to medical diagnosis and treatment *(see, People v Jackson, supra; Williams v Alexander,* 309 NY 283; *People v Vicaretti,* 54 AD2d 236). (Appeal from judgment of Supreme Court, Monroe County, Kennedy, J.—rape, first degree, and sodomy, first degree.) Present—Dillon, P. J. Boomer, Green, Balio and Lawton, JJ.