■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL W. LIPPERT, Appellant.—Casey, J. Appeal from a judgment of the County Court of Broome County (Monserrate, J.), rendered June 29, 1984, upon a verdict convicting defendant of the crimes of rape in the first degree (two counts), attempted sodomy in the first degree and criminal trespass in the second degree.

At about 5:00 A.M. on March 10, 1984, the victim was awakened by defendant's hand being placed over her mouth. The victim was then in her own bedroom in an apartment which she shared with a girlfriend, the girlfriend's brother and his three children. Defendant had also been staying at the apartment for several days prior to this incident. When she awoke, the victim tried to pull defendant's hand away from her mouth, and when she attempted to scream, defendant told her he would hurt her if she did. Defendant ordered her to remove her pajamas. In an attempt to deter him, the victim stated that she had "an infection", but defendant continued to undress and committed an act of sexual intercourse. The victim was then permitted to put her pajamas back on and defendant sat on the edge of her bed talking to her for 15 to 30 minutes. Once again, she was ordered to remove her pajamas and was told not to scream under a threat of death. She was then sodomized and raped a second time. Some discussion ensued as to the victim's intent to report the incident and defendant then left her room. The victim climbed out of her bedroom window and subsequently reported the incident to the police.

Later that evening, defendant voluntarily contacted the police and went to the police station, where he was placed in an interview room and given *Miranda* warnings. Defendant signed a statement waiving his right to counsel and agreed to talk to the police about the victim's complaint. Although defendant admitted the sexual intercourse, he claimed that the victim consented. At this point, the police officer informed defendant that the intercourse could not have been consensual since the victim was a lesbian and would not have consented. The police admit that this statement was a ploy and that they had no knowledge of the victim's sexual proclivity in that regard. Defendant then changed his story and admitted that the act occurred without the victim's consent. Defendant's statement was typed and signed by him, and he was arrested and jailed. Since the statement contained no mention of an act of sodomy, *Miranda* warnings were readministered the following day and defendant admitted that an act of sodomy

had occurred. This subsequent statement was then reduced to writing. Defendant was indicted on two counts of rape in the first degree, one count of sodomy in the first degree and one count of burglary in the second degree. Following a jury trial, he was convicted of both counts of rape in the first degree, attempted sodomy in the first degree and criminal trespass in the second degree.

On this appeal, defendant initially complains of undue restrictions placed on his cross-examination of the victim. County Court denied defendant's motion to permit cross-examination of the victim about two prior separate incidents of rape within 15 months preceding the instant crimes. Defendant contends that CPL 60.42 does not apply to the proposed cross-examination since prior claims of rape do not constitute evidence of the victim's own sexual conduct. Although prior alleged rape complaints do not fall "within the proscriptive scope of CPL 60.42", it is not an abuse of discretion for a trial court to restrict cross-examination on that basis *(People v Mandel,* 48 NY2d 952, 954, *cert denied* 446 US 949; *see, People v Boyd,* 122 AD2d 273, 275). This is especially true where, as here, the party seeking to introduce such evidence has no basis for believing that the prior complaints were false *(see, People v Mandel, supra,* at 953). In the circumstances, we see no abuse of County Court's discretion in so limiting the victim's cross-examination *(see, People v Rockwell,* 97 AD2d 853, 854).

Next, defendant contends that he never effectively waived his *Miranda* rights. It appears that defendant not only read the forms containing the warnings, but that they were read aloud to defendant by police and defendant was asked if it was his choice to forego his rights. Defendant indicated that he understood his rights and waived them. If the immediate meaning of the warnings has been presented in a fashion understandable to a particular individual, an effective waiver may be made *(see, People v Millington,* 134 AD2d 645). Defendant's prior experiences with the law may be considered on this issue *(see generally, People v Williams,* 62 NY2d 285, 289). The record supports County Court's finding on this issue.

We also agree with County Court that the ploy used by the police did not render defendant's confession involuntary. The tactic used was not so unfair or deceptive as to deny defendant due process *(cf., People v Anderson,* 42 NY2d 35), nor was it accompanied by threats, violence or promises *(see, Brady v United States,* 397 US 742, 753).

Finally, the evidence adduced at trial by the prosecution,

which was credited by the jury, is legally sufficient to support the jury's verdict (see, People v Contes, 60 NY2d 620, 621). Accordingly, the judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Casey, Yesawich, Jr., and Harvey, JJ., concur.