■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN COOPER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant's claim that the People impermissibly changed the theory of prosecution is without merit. The indictment charged defendant with attempted murder, assault and reckless endangerment by dropping Debra Pope from the windowsill of a second-story apartment. The People presented proof in support of that theory at trial, and the trial court instructed the jury only on that theory. Under these circumstances, the People did not impermissibly stray from the factual theory of the indictment *(see, People v Grega,* 72 NY2d 489).

The claim that the court erred by admitting evidence of burn marks in the genital area and other places on the victim's body as proof of uncharged crimes was not preserved for appellate review (CPL 470.05 [2]). Although defendant objected on two occasions to receipt of such evidence, neither objection specifically questioned admissibility upon the ground now raised *(see, People v Osuna,* 65 NY2d 822). We conclude that defendant was not deprived of a fair trial and that discretionary review in the interest of justice is not warranted (CPL 470.15 [6] [a]).

The court erred by instructing the jury that if it found the evidence "equally susceptible" of innocence or guilt, it should

acquit the defendant. That instruction, like the "balancing of scales" charge, suggests that the People may satisfy their burden of proof by less than the reasonable doubt standard *(see, People v Jackson,* 124 AD2d 975, 976, *lv denied* 69 NY2d 746; *People v Smith,* 121 AD2d 411, 412). This error was not preserved for our review and in any event, the court's charge, when viewed as a whole, conveyed the proper standard to the jury, and reversal is not warranted *(People v Mitchell,* 124 AD2d 977).

We have reviewed the remaining claims advanced by defendant and find them to be without merit. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—assault, first degree, and another charge.) Present—Doerr, J. P., Boomer, Pine, Balio and Lawton, JJ.