■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HICKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered August 3, 1988, convicting him of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Initially, we note that, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The trial court properly declined the defendant's request for a missing witness charge (see, e.g., 1 CJI[NY] 8.54). The request—made ostensibly as a result of the People's failure to produce the complainant's hospital records or the detective who had first interviewed the complainant—was untimely since it was made only *after* the court had charged the jury.

In any event, there is no duty on the prosecutor " 'to call at trial every witness to a crime' ", and no prejudice or deprivation of due process will be found if certain witnesses are not called, providing that there is no suppression of evidence potentially favorable to the defendant (People v Buckler, 39 NY2d 895, 897; People v Stridiron, 33 NY2d 287). In the instant case it was not incumbent upon the prosecutor to present at trial either the complainant's hospital records or the interviewing detective, since neither was essential to prove the defendant's guilt of the crimes charged beyond a reasonable doubt and their existence was not concealed from the defendant. Furthermore, the defendant failed to show that the evidence not produced by the People was "material", or that the witness and hospital records were under the People's control (see, People v Gonzalez, 68 NY2d 424, 426).

There is no merit to the defendant's claim that the trial court improvidently exercised its discretion in refusing to recall the complainant's maternal grandmother in order to permit the defendant to lay a foundation to impeach her credibility by means of an alleged prior inconsistent statement. We note that the purported inconsistent statement—to the effect that the maternal grandmother had confided to the defendant's mother (the complainant's paternal grandmother) that the complainant had told her that she had falsely accused the defendant of rape—was multiple hearsay. Moreover, despite ample opportunity, the defendant failed to lay a foundation for the introduction of this alleged statement during his cross-examination of either the complainant or her grandmother. Since the statement was calculated to impeach the credibility of the complainant at least as much as that of the grandmother, the recall of the grandmother would not have afforded the complainant the requisite opportunity to deny or explain *her* alleged inconsistent statement, so that the defendant's application was properly denied (see, Richardson, Evidence § 502 [Prince 10th ed]; People v Wise, 46 NY2d 321; People v Jones, 136 AD2d 740).

We have examined the remaining issues raised by the defendant and find that they are either unpreserved for appellate review (see, CPL 470.05 [2]; see also, People v Satloff,

56 NY2d 745; *People v Baldo,* 107 AD2d 751), or involve matters that are dehors the record which may not be reviewed on the direct appeal from the judgment of conviction *(see, People v Mosca,* 131 AD2d 704; *People v Bailey,* 128 AD2d 794). Mangano, J. P., Thompson, Eiber and Balletta, JJ., concur.