■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL MARTINEZ, Appellant.—Judgment of the Supreme Court, Bronx County (George Covington, J.), rendered July 14, 1988, convicting defendant of attempted criminal possession of a weapon in the third degree, and sentencing him to an indeterminate term of imprisonment of from 2 to 4 years, is unanimously affirmed.

At the hearing on defendant's motion to suppress, Officers Colten and Eng testified that they stopped the Lincoln automobile bearing license plate 372 ZTM after receiving a radio report that armed men were in a Lincoln automobile bearing license 372 ZIM. The officers stated that immediately before the automobile was stopped they saw the passengers in the rear seat turn quickly around. With their weapons unholstered, the officers approached the car, and Eng saw the butt

of a rifle on the floor of the car. After the occupants were ordered out of the automobile, two handguns were found on the floor, and one on the person of codefendant Pedro Ortega.

After Colten testified, the prosecutor gave defense counsel a copy of the report that a detective made of his interview with Colten. Although cocounsel said that the statement omitted mention of furtive movements and of a weapon having been seen before the occupants were removed from the car, the court refused to permit defendant to recall Colten for further cross-examination.

Concededly, defense counsel, and not the court, should have determined whether the detective's report was useful for cross-examination *(People v Ranghelle,* 69 NY2d 56, 62), but " 'a right sense of justice' ", the foundation for the *Rosario* rule, does not mandate a reversal. A complete failure to turn over *Rosario* material is not subject to a harmless error analysis *(People v Jones,* 70 NY2d 547, 550-553), but this case is distinguishable from *Jones.* Here, the *Rosario* error occurred at a hearing, not at trial, and importantly, the hearing court, which reviewed the prior statement, was also the fact finder, and was made aware of the differences between the contents of the report and the testimony of Officer Colten. Moreover, how defense counsel would have used the prior statement on cross-examination is clear. Cocounsel emphasized the absence of mention of furtive movements or the sighting of the rifle butt, and all of the defense attorneys joined in the same motion for further cross-examination for Colten.

Moreover, defendant's counsel argued that Officer Eng's (not Colten's) credibility was at issue, and the report was based on an interview with Colten. Concur—Kupferman, J. P., Carro, Milonas, Wallach and Smith, JJ.