■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE RIVERA, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J., at identification hearing and at trial with a jury), rendered October 19, 1988, convicting defendant of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment of 10 to 20 years, unanimously affirmed.

Defendant was arrested for selling crack to an undercover officer. At trial, on the People's direct case, the arresting officer was permitted to testify to the description that the undercover had broadcast. After cross-examination produced evidence that a second person was similarly dressed as defendant, the arresting officer testified that defendant matched the radioed description. On appeal, defendant contends that the arresting officer's testimony and the prosecutor's comments in his opening and summation impermissibly bolstered the undercover officer's identification of him at trial.

We find that any error in the introduction of the challenged evidence has not been preserved for our review as a matter of law. Counsel's objections on the redirect testimony of the arresting officer were advanced on the basis that "this was originally testified to" and "repeating the description". The

precise grounds that defendant now raises were not advanced. Were we to reach the merits, in the interests of justice, we would nevertheless find that a new trial is not warranted. The arresting officer's alleged bolstering cannot be viewed in isolation. At trial, defense counsel made use of the description in an attempt to establish a mistaken identification defense. Counsel showed that another person was dressed like defendant. Thus, the arresting officer's explanation that he arrested defendant because he matched the description was not merely third-party impermissible bolstering, but a reasonable explanation of his conduct tending to rebut the suggestion that the other man should have been seized.

Further, even if the officer purported to identify defendant as the person who sold the drug to the undercover, the identification testimony of the undercover was "strong, positive, and made within minutes after the crime" *(People v Burgess,* 66 AD2d 667, 668). Moreover, defendant was acquitted of the charges that depended solely on the arresting officer's testimony. That development, coupled with the undercover officer's credible identification testimony, indicates that there was no probability that the arresting officer's testimony contributed to defendant's conviction on the sale charge *(People v Johnson,* 57 NY2d 969).

We also find no merit to defendant's claim that the court erred by not reopening the identification hearing because the prosecutor turned over *Rosario (People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) material after the start of the trial. Any error was harmless *(People v Martinez,* 160 AD2d 249). Since the material was turned over in time for counsel to cross-examine the People's witness at trial *(People v Cruz,* 149 AD2d 151, 163), the prosecutor's failure was not "complete" *(cf., People v Jones,* 70 NY2d 547, 553; *People v Ranghelle,* 69 NY2d 56, 62). We also note that although the material was turned over to counsel at the beginning of the trial, he did not move to reopen the hearing until the close of the evidence.

We also reject defendant's contention that his sentence was unduly harsh and excessive. Concur—Sullivan, J. P., Carro, Rosenberger and Asch, JJ.