■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD A. KILGORE, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Fulton County (Best, J.), rendered December 29, 1988, upon a verdict convicting defendant of the crime of murder in the second degree.

The body of Diane Hogan was discovered in a secluded wooded area at about 6:53 A.M. on August 7, 1987, death having been caused by a combination of blunt trauma to the head and pressure applied to the neck. Investigation disclosed that the victim had been seen in various bars in the company of defendant a day or two earlier. Other evidence recovered at the site included a cellophane wrapper from a cigarette package which contained defendant's palm print and one of his finger prints, an uncommon set of tire tracks which matched those of defendant's motorcycle, and a yellow two-piece pants suit worn by the victim when seen with defendant. In addition, the prosecution learned that defendant admitted his involvement with the crime to certain individuals. On August 9, 1987, defendant, accompanied by his attorney and girlfriend, turned himself in at the Fulton County Sheriff's Office. He was arrested for the murder of Hogan and thereafter indicted by a Grand Jury charging him with the crime of murder in the second degree on or about August 6, 1987. The People's initial bill of particulars placed the date and time of death at approximately on or about between 5:00 P.M. on Thursday, August 6, 1987 and 7:00 A.M. on Friday, August 7, 1987. In November 1988, more than a year later, an amended bill of particulars stated the date and time of death as "approximately, on, about and between 5:00 P.M. on *Wednesday, August 5, 1987* and 7:00 A.M. on Friday, August 7, 1987" (emphasis supplied). Following trial, defendant was convicted on the charge and sentenced to 25 years to life in prison. This appeal ensued.

Defendant initially contends that it was error to permit the People to amend their bill of particulars to enlarge the time period during which it was alleged the crime occurred. We disagree. Clearly the indictment stated "on or about the 6th day of August, 1987", which would encompass a seven-hour leeway prior to and after August 6, 1987. The specific time is not a substantive element of the crime and it may be set forth in approximate terms provided the indictment sufficiently affords notice of the specific offense charged and serves to

prevent a second indictment for the same crime *(People v Morris,* 61 NY2d 290). When conflicting new evidence suggests that the crime may have occurred earlier than stated in the original bill of particulars but still within the scope of the indictment, CPL 200.95 specifically authorizes the People to amend the bill to reflect that evidence. Defendant neither requested an adjournment as permitted under the statute nor demonstrated any recognizable prejudice. Nor was it error for County Court to charge that if the jury found the crime occurred during the period specified in the amended bill of particulars, they could find it to be the same criminal activity charged in the indictment *(see, People v La Marca,* 3 NY2d 452, 458-459; *People v Willette,* 109 AD2d 112). The precise time of the murder is not a material element of the crime charged and reliance upon the precise time period is not justified *(see, People v Owens,* 63 NY2d 824, 826; *see also, People v Spann,* 56 NY2d 469; *People v Demming,* 116 AD2d 886), particularly where, as here, defendant has been provided ample notice of the time period involved.

Defendant next contends that the prosecution committed reversible error in the cross-examination of an alibi witness about a prior criminal conviction. The inquiry concerned a misdemeanor charge upon which the records in the Town Court indicated first a guilty plea by the witness followed by an adjournment in contemplation of dismissal.* After limited questioning, the situation was clarified outside the presence of the jury and curative instructions were given. Several factors make any error harmless. The inquiry was limited and had little impact on the credibility of the witness; the prosecutor had acted with apparent good faith; the inquiry into the underlying acts could be properly made *(see, People v Vidal,* 26 NY2d 249; *People v Santiago,* 15 NY2d 640); and appropriate curative instructions were given *(see, People v Fenti,* 106 AD2d 912, 913).

Defendant next argues that he was denied *Rosario* material *(People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) consisting of notes made by the pathologist which came to light during his cross-examination. The notes had been used by the pathologist to produce his report which was previously provided to defendant. Defense counsel was given the opportunity to review the notes. It was apparent that the prosecutor

---

* CPL 170.55 (1) provides for an adjournment in contemplation of dismissal at or after arraignment and *before* entry of a guilty plea or commencement of a trial, and accordingly the Town Court disposition appears irregular.

was unaware of their existence and only because of oversight he neglected to ask the pathologist if he had any notes. Defense counsel stated that she merely wanted the record to show the delay and made no motion or claim of any prejudice. In response to two inquiries from County Court, counsel reiterated her readiness to proceed. By failing to claim prejudice or to request action by County Court, this issue has not been preserved for appeal. The *Rosario* violation here involves only delay and does not require reversal in the absence of substantial prejudice *(see, People v Martinez,* 71 NY2d 937, 940; *see also, People v Perez,* 65 NY2d 154, 159). The defense was afforded sufficient opportunity to utilize the material effectively *(see, People v Bolling,* 157 AD2d 733, *lv denied* 76 NY2d 731; *see also, People v Simmons,* 36 NY2d 126, 130), thereby obviating any grounds for reversal.

Defendant's final contention is that he was entitled to a missing witness charge because the People failed to call the deceased victim's former husband as a rebuttal witness. The defense showed that a heated argument had taken place between the victim and her divorced spouse on the afternoon of August 5, 1987 during which a death threat was made. A defense witness had observed a pick-up truck generally similar to one owned by the ex-husband in the vicinity of the murder scene on August 6, 1987. Defendant argues that the ex-husband would know if the pick-up truck was his and, if not, would testify favorably for the People to dispel defendant's theory that the ex-husband was the murderer.

The requirements for a missing witness charge are established in *People v Gonzalez* (68 NY2d 424). The presence of a generally similar vehicle not shown to be unique fails to establish that the ex-husband had material knowledge of the ownership of that truck *(supra,* at 427). Where the witness is a stranger to both parties and cannot be expected to testify favorably for one party or the other, and where both parties have the ability to produce that witness, there is no unfavorable inference which may be drawn by the failure of either party to call the witness *(supra,* at 429). It was defendant who delayed disclosure of the missing witness until the time of the charge conference after the close of evidence making his request to charge untimely *(see, People v Pendleton,* 156 AD2d 725; *People v Waldron,* 154 AD2d 635, *lv denied* 75 NY2d 777; *see also, People v Gonzalez, supra,* at 427-428). We find no error in the denial by County Court of the request to charge.

Judgment affirmed. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.