■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. HAMEL, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Fulton County (Mazzone, J.), rendered January 9, 1990, upon a verdict convicting defendant of the crime of rape in the first degree.

On appeal from his conviction of first degree rape, defendant contends that County Court erroneously precluded him from cross-examining the complainant concerning whether she had made prior false claims of rape and that he was unduly prejudiced by the delay in the production of *Rosario* material consisting of the serologist's handwritten notes. We disagree.

As to defendant's first claim, we note that in *People v Mandel* (48 NY2d 952, *cert denied, appeal dismissed* 446 US 949) the Court of Appeals held that evidence of a victim's prior complaint of a sex crime does not come within the proscriptive scope of CPL 60.42; therefore, its "admissibility rests within the discretion of the trial court" *(People v Harris,* 132 AD2d 940, 941, *lv denied* 74 NY2d 810). Inasmuch as defendant sought to impeach the complainant's credibility through the use of multiple hearsay *(see, People v Hicks,* 154 AD2d 713, 714), without an adequate factual basis for believing that the prior complaint was false *(see, People v Lippert,* 138 AD2d 770, 771), we see no abuse of County Court's discretion in denying defendant's motion to permit cross-examination of the complainant about a prior incident of attempted rape *(see, supra).*

With respect to defendant's remaining argument, the prosecution admits that the serologist's notes were not turned over to the defense before the prosecutor's opening statement as required *(see,* CPL 240.45 [1] [a]; *People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). By failing to move for a mistrial or

otherwise claim prejudice on this ground, however, defendant's argument is unpreserved for appellate review *(see, People v Kilgore,* 168 AD2d 830; *People v Provenzano,* 154 AD2d 486, *lv denied* 74 NY2d 951). In any event, the *Rosario* violation in the instant case involves only delay in turning over material and does not require reversal in the absence of substantial prejudice *(see, People v Martinez,* 71 NY2d 937, 940; *People v Ranghelle,* 69 NY2d 56, 63). No such prejudice occurred here. The material was delivered to defense counsel in sufficient time for its use at trial *(see, People v Kilgore, supra).* Accordingly, defendant's conviction should be affirmed.

Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur. Ordered that the judgment is affirmed.