■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES H. PASSENGER, Appellant.—Yesawich Jr., J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered October 6, 1987, upon a verdict convicting defendant of two counts of the crime of sodomy in the first degree.

Defendant was indicted on two counts of violating Penal Law § 130.50 (1) for forcing his 12-year-old daughter to perform oral sodomy. Arrested by the State Police, defendant allegedly confessed to one such act. County Court denied defendant's motion to have a psychiatric examination of the

child and, pursuant to CPL 60.42, precluded defendant from introducing at trial any evidence regarding similar accusations that the child had assertedly made against her foster caretakers both before and after the particular incidents giving rise to the charges filed against defendant. On the ground that it lacked relevancy, defendant was also prohibited from introducing testimony that the child had a morbid or abnormal sexual interest and that she had been exposed to her mother's promiscuous lifestyle.

A jury found defendant guilty on both counts of the indictment and County Court imposed concurrent prison sentences of 8⅓ to 25 years, the longest permitted by statute (see, Penal Law § 70.00 [2] [b]). On appeal, defendant's principal contention is that County Court abused its discretion under CPL 60.42 (5) by refusing to receive the proffered testimony. We disagree.

Initially, we note that defendant offers sparse New York* authority for his argument that a trial court has the power to order a victim to submit to psychiatric testing (compare, People v Griffin, 138 Misc 2d 279, 282-285, with People v Souvenir, 83 Misc 2d 1038, 1040; see generally, Annotation, Necessity or Permissibility of Mental Examination to Determine Competency or Credibility of Complainant in Sexual Offense Prosecution, 45 ALR4th 310). Social and legal considerations weigh heavily against a procedure which puts victims in sex abuse cases on trial. "For example, a psychiatric examination may seriously impinge on a witness' right to privacy; * * * the examination itself could serve as a tool of harassment; and the impact of all these considerations may well deter the victim * * * from lodging any complaint at all" (United States v Benn, 476 F2d 1127, 1131; accord, People v Lowe, 96 Misc 2d 33, 38). But, even if the court had such power (but see, Cal Penal Code § 1112), we cannot say that the refusal to wield it in this instance constituted an abuse of discretion (cf., People v Freshley, 87 AD2d 104, 112). In the absence of compelling proof of mental or emotional instability, there is no justification for granting defendant's request. And, as for defendant's parallel argument that the failure to order the hearing violated his constitutional right under the 6th Amendment to confront his accuser, that has been invariably rejected (see, Annotation, Necessity or Permissibility of Mental Examination to Determine Competency or Credibility of Com-

---

* The case of Ballard v Superior Ct. (64 Cal 2d 159, 410 P2d 838), upon which defendant relies, was overruled by statute (Cal Penal Code § 1112).

*plainant in Sexual Offense Prosecution,* 45 ALR4th 310, § 5 [and cases cited therein]).

Nor were County Court's challenged evidentiary rulings erroneous as a matter of law. While proof that the child made prior false complaints might cast substantial doubt on the validity of the charges in this case *(see, People v Harris,* 132 AD2d 940, 941), other than defense counsel's suggestion that the child had a proclivity to make sexual charges, there was no proof that these earlier complaints were false or suggested a pattern of deceit *(see, People v Mandel,* 48 NY2d 952, 953, *appeal dismissed, cert denied* 446 US 949; *People v Lippert,* 138 AD2d 770, 771; *compare, People v Harris, supra).*

Although such complaints do not come within the proscriptive scope of CPL 60.42, a trial court may exercise its discretion to restrict cross-examination on this issue where there is no basis for believing that the prior unrelated claims were false *(People v Hamel,* 174 AD2d 837; *People v Lippert, supra; cf., People v Boyd,* 122 AD2d 273, 275). Here, the sexual abuse accusations that the child purportedly leveled at her former foster parents in Maryland, which predated the events giving rise to defendant's indictment, were never reduced to formal complaints. As for the sex violation charges she allegedly made against her foster father, with whom she had been placed after being removed from defendant's home, that was resolved with an *Alford* plea. Accordingly, exclusion was proper. In addition, as the victim's asserted morbid sexual interest and exposure to promiscuity would not, as defendant claims, have necessarily tended to prove that she had fabricated the charges against him, County Court did not err in excluding this evidence *(see, People v Clark,* 118 AD2d 718).

Casey, J. P., Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed.