THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD KIEL, Appellant.

Bracken, J. P., Kunzeman, Eiber, Balletta and Ritter, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADOLPH LAWRENCE, Appellant.

On appeal, the defendant contends that the People failed to prove his guilt beyond a reasonable doubt because the testimony of the sole eyewitness to the murder was incredible as a matter of law. However, viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The eyewitness unequivocally maintained throughout her testimony that she had observed the defendant shoot the victim, and while there were some inconsistencies in her testimony, these inconsistencies related primarily to tangential matters and did not render her testimony incredible as a matter of law *(cf., People v Foster,* 64 NY2d 1144, *cert denied* 474 US 857). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal, and should not be disturbed unless it is clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We further find no merit to the defendant's contention that the trial court erred in precluding his attorney from questioning a defense witness about certain statements made to her by the eyewitness. Although the defendant sought to introduce these allegedly inconsistent prior statements to impeach the eyewitness's credibility, the defense counsel failed to afford her the requisite opportunity to deny or explain the statements, and thus failed to lay a proper foundation for the introduction of the prior statements *(see, People v Wise,* 46 NY2d 321; *People v Hicks,* 154 AD2d 713). Consequently, the trial court did not improvidently exercise its discretion in excluding the proffered testimony. Kunzeman, J. P., Sullivan, Eiber and O'Brien, JJ., concur.