■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT BLACK, Appellant.—Appeal by the defendant (1) from a judgment of the County Court, Putnam County (Sweeny, J.), rendered May 23, 1989, convicting him of criminal sale of a controlled substance in the second degree, upon a jury verdict,

and imposing sentence, and (2), by permission, from an order of the same court, dated July 16, 1990, which denied his motion pursuant to CPL 440.10 (1) (c) and (h) to vacate the judgment of conviction.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed.

The defendant was indicted for selling drugs to an undercover police officer. At trial, the defendant raised an entrapment defense (Penal Law § 40.05) by testifying to certain conversations he had with a police informant, who had introduced him to the undercover officer, prior to the drug transaction in issue. However, the court sustained the prosecutor's objection and precluded those portions of the conversations in which the informant asked the defendant about and mentioned cocaine, on the ground that this constituted hearsay. The court was clearly in error as these statements were not introduced for their truth, but rather to show the defendant's state of mind, which was relevant to his contention that he was induced or encouraged to enter into the subsequent transaction (see, People v Minor, 69 NY2d 779). However, the court's error is not reversible. While the defendant was not able to elicit those specific portions of the conversations in which the informant asked him about or mentioned cocaine, he was able to introduce those portions of the conversations which occurred when the informant allegedly repeatedly contacted him trying to get him to "do something", to which the defendant responded that "there was nothing [he] could do for him", and that he didn't "do things like that". Additionally, the defendant was also able to introduce into evidence subsequent conversations with both the informant and the undercover officer whereby they encouraged the defendant to arrange additional drug transactions, which the defendant claimed he refused. Since the implication was clear that at all times the informant had approached the defendant for the purpose of engaging in drug transactions, the jury had sufficient information before it to properly evaluate the defendant's entrapment defense, and thus, the preclusion of that limited portion of the pre-transaction conversations did not deny the defendant a fair trial. Thus, a new trial is not required (CPL 470.15 [4] [a]).

The defendant's contention that the trial court erred in failing to charge the jury on the defense of agency is unpreserved for appellate review, and we decline to review it in the exercise of our interest of justice jurisdiction (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

With respect to the defendant's motion pursuant to CPL 440.10 (1), we agree with the County Court that sufficient facts appear in the record to permit adequate review (see, CPL 440.10 [2] [b]). We have reviewed that record and find the defendant's contentions to be without merit.

Finally, we have considered the defendant's remaining contentions including those raised in his supplemental pro se brief, and find them to be without merit. Thompson, J. P., Harwood, Balletta and Rosenblatt, JJ., concur.