■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ANTELMI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered June 27, 1990, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence seized from the defendant.

Ordered that the matter is remitted to the Supreme Court, Kings County, for a de novo hearing and to report on the branch of the defendant's omnibus motion which was to suppress physical evidence seized from the defendant, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

At the commencement of the trial, which followed the denial of the branch of the defendant's motion which was to suppress physical evidence seized from the defendant, the People turned over certain *Rosario* material *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866) to the defense. This material consisted of two documents which were related to the case and which had been prepared by a police officer who testified at the pretrial suppression hearing. The defense moved to reopen the hearing based on the late receipt of these documents, but the trial court denied the motion.

The defendant was entitled to timely service of the documents at the pretrial suppression hearing *(see, People v Malin-*

*sky,* 15 NY2d 86; CPL 240.44 [1]). However, contrary to his present contention, the untimely disclosure of these documents did not constitute a complete failure to turn over *Rosario* material so as to mandate a new hearing without regard to the issue of prejudice *(see generally, People v Ranghelle,* 69 NY2d 56). Rather, the People's late service of the material constituted a mere delay in disclosure, thus requiring a showing of substantial prejudice by the defendant before a de novo suppression hearing will be ordered *(see, People v Cannon,* 171 AD2d 752; *People v Rivera,* 163 AD2d 65, *affd* 78 NY2d 901; *People v Martinez,* 160 AD2d 249). Given the circumstances of this case, the importance of the police officer's testimony at the hearing, and the existence of potentially significant factual differences between that testimony and the documents in issue, we find that the prejudice requirement has been satisfied. Accordingly, we remit the matter to the Supreme Court, Kings County, to hold a de novo hearing and to report on the branch of the defendant's omnibus motion which was to suppress physical evidence seized from the defendant. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.