■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANSON CLARK, Appellant.—Judgment unanimously affirmed. Memorandum: The preliminary hearing testimony of Officer Wally Howard, who died before defendant's trial, was admissible at trial pursuant to CPL 670.10 (1). At the preliminary hearing, defendant was represented by counsel who was afforded the opportunity to cross-examine that witness adequately (see, People v Simmons, 36 NY2d 126, 130). We do not agree with defendant's assertion that the City Court Judge unduly restricted his right to explore circumstances relevant to his entrapment defense by confining questioning to events that occurred at the time of the drug transaction itself (see, People v Arroyo, 54 NY2d 567, cert denied 456 US 979).

Defense witness Rahmaan should have been allowed to testify to a conversation between defendant and Officer Howard that took place immediately after the drug transaction. The conversation was relevant to show defendant's state of mind (see, People v Minor, 69 NY2d 779; People v Black, 180 AD2d 806, lv denied 80 NY2d 828; Richardson, Evidence § 288 [Prince 10th ed]). Nevertheless, defendant was permitted to testify to the entire conversation with Officer Howard. Consequently, any error in excluding Rahmaan's testimony was harmless. Although the court used language similar in import to the " 'balancing of the scales' " language disapproved by this Court (People v Cooper, 147 AD2d 926, 927, lv denied 74 NY2d 738), the charge as a whole conveyed the proper standard of proof to the jury (see, People v Hartle, 151 AD2d 1003, lv denied 74 NY2d 810). We have examined defendant's remaining argument and find it to be without merit. (Appeal from Judgment of Monroe County Court, Wisner, J.—Criminal Possession Controlled Substance, 1st Degree.) Present—Callahan, J. P., Boomer, Pine, Fallon and Doerr, JJ.