■ JANE D. PASSINO et al., Appellants, v JAMES DEROSA, Respondent. [606 NYS2d 107] —Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Prior to the trial of this personal injury action, plaintiffs Jane D. and Raymond A. Passino made a motion in limine seeking to exclude from evidence statements in the history portion of Jane's medical records that were not necessary to diagnosis and treatment. Specifically, plaintiffs' attorney, in his affidavit in support of the motion, sought exclusion of statements in Jane's hospital records that Jane was injured when she fell on her icy driveway. Those statements contradicted her trial testimony that she fell on defendant's property when she tripped on a raised portion of a walkway and her foot landed in a four-inch gully on the edge of the driveway. The trial court denied plaintiffs' motion. At trial, defense counsel, on cross-examination of Jane's treating physician, asked him to read the history portion of his discharge summary that contained the statement that the patient fell on an icy driveway. The physician was unable to state the source of that information and had no recollection whether that statement was made to him by Jane. In his closing statement, defense counsel posited that Jane's fall was caused by ice and not by the defective condition of the walkway or driveway. The jury found that defendant was negligent, but that his negligence was not the proximate cause of Jane's injuries.

It is well settled that "an entry in a hospital record comes within the statutory business records rule only if it is relevant to diagnosis or treatment of the patient's ailment" (Richardson, Evidence § 302, at 277 [Prince 10th ed]; see also, People v Harris, 132 AD2d 940, 941). "The history portion of the hospital record as it relates to acts and occurrences not relevant to diagnosis or treatment of the patient are [sic]

inadmissible" *(People v Jackson,* 124 AD2d 975, 976, *lv denied* 69 NY2d 746). We agree with plaintiffs' argument that the information in the medical records concerning the precise cause of Jane's fall was not relevant to Jane's diagnosis or treatment and should not have been admitted *(see, Gunn v City of New York,* 104 AD2d 848, 849; *Edelman v City of New York,* 81 AD2d 904; *cf., People v Goode,* 179 AD2d 676, 677, *lv denied* 79 NY2d 1001). Because the improperly admitted evidence could have affected the jury verdict, we reverse the judgment and grant a new trial. We have examined the remaining issues raised by plaintiffs and find them to be lacking in merit. (Appeal from Judgment of Supreme Court, Monroe County, Siracuse, J.—Negligence.) Present—Denman, P. J., Callahan, Pine, Doerr and Boehm, JJ.