■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL DAVIS, Appellant. [617 NYS2d 571] —White, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered September 16, 1993, upon a verdict convicting defendant of the crimes of assault in the first degree, assault in the second degree and promoting prison contraband in the first degree.

Defendant, an inmate at Great Meadow Correctional Facility in Washington County, was involved in a fight with another prisoner and subsequently indicted and convicted by a jury on charges of assault, in both the first and second degrees, and promoting prison contraband in the first degree. He was sentenced as a persistent felon to concurrent terms of 15 years to life on each conviction, consecutive to the sentence he was then serving for previous crimes. On this appeal defendant contends that County Court erred in not granting his motion for a trial order of dismissal and that the prosecutor's deliberate circumvention of the *Sandoval* ruling *(see, People v Sandoval,* 34 NY2d 371) mandates reversal.

A trial order of dismissal may be granted only if the trial evidence, if accepted as true and without consideration as to its quality or weight, does not establish every element of the offense charged *(see, People v Sabella,* 35 NY2d 158, 167; *People v Barnes,* 178 AD2d 482, *lv denied* 79 NY2d 918).

This record indisputably shows that defendant and the victim were alone in an area separated from all other inmates and that they were fighting. The victim testified that he could not see who slashed him during the fight, but that he knew defendant fought with him. Correction officers testified that they witnessed the fight, that the victim was badly cut and that defendant had cuts on his hands consistent with razor cuts. Finally, a razor was found on the ground next to defendant.

In our view, the absence of anyone else in the fight or in its proximity, the cuts inflicted upon the victim and those on

defendant's hands, and the location of the razor on the floor next to defendant constitute clear and convincing circumstantial evidence from which the jury could infer possession and which excluded to a moral certainty every other hypothesis but that defendant possessed a razor which he utilized to inflict serious physical injury upon the victim *(see, People v Montanez,* 41 NY2d 53, 57). Thus, we conclude that County Court's denial of defendant's motion was correct.

We further find unavailing defendant's sole remaining argument, that he was denied a fair trial because the prosecutor violated a *Sandoval* ruling during his opening remarks. Following a hearing, County Court ruled that should defendant testify, inquiry on his cross-examination could only be made as to whether he had previously been convicted of any felonies but not as to the nature of prior convictions. In his opening, however, the prosecutor said: "He was committed, by a commitment by a Court, to Great Meadow Correctional Facility, in that on February 19, 1991 he was committed for the crimes of murder, robbery, criminal possession of a weapon." The court conducted an extensive voir dire of the entire jury individually and ascertained that the jury, save one juror who was excused, had not been prejudiced by the remarks, and it therefore denied defendant's motion for a mistrial. The record shows that County Court not only gave extensive curative instructions, but in addition received a stipulation from counsel that the jury be charged that defendant was incarcerated at the time after having been convicted of a crime. There were neither objections to the charge nor requests for further jury instructions.

We conclude that the trial was not hopelessly flawed by the improper remarks. It is possible to dissipate prejudice by promptly and clearly advising the jury that the comments were improper and should be completely disregarded *(see, People v Ashwal,* 39 NY2d 105, 111; *see also, People v Broady,* 5 NY2d 500, 516, *mot to amend remittitur granted* 6 NY2d 814, *appeal dismissed, cert denied* 361 US 8). The comment which was precluded from use upon cross-examination for impeachment purposes was made, albeit improperly by the prosecutor, to outline the People's proposed proof. However, the error did not serve to deprive defendant of a fair trial and, in light of the overwhelming evidence of guilt, should be considered harmless *(see, People v Esquilin,* 141 AD2d 838, 839, *lv denied* 73 NY2d 854), particularly in light of the curative instructions, the exhaustive second voir dire, and the comprehensive charge to the jury. We fail to sense a signifi-

cant probability that the jury would have acquitted defendant had it not heard the remarks in issue *(see, People v Ashford,* 190 AD2d 886, *lv denied* 81 NY2d 1069; *see also, People v Crimmins,* 36 NY2d 230, 237).

Mercure, J. P., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed.