THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL FIELDS, Appellant. [621 NYS2d 251] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of rape in the first degree and sexual misconduct. The trial court erred in permitting a prosecution witness to testify concerning her duties as a volunteer at a Rape Crisis Center. That witness was called to testify about receiving a phone call at her home from the complainant and alerting police that the complainant might be in trouble. Testimony concerning the witness' employment was irrelevant. Proof of defendant's guilt, however, was overwhelming, and the error is harmless *(see, People v Crimmins,* 36 NY2d 230, 242).

The court improperly instructed the jury that, if it found that the evidence "reasonably permits a conclusion of either guilt or innocence, you should adopt a conclusion of innocence." Use of the so-called "two-inference" or "evenly balanced" instruction has been criticized by this Court because it suggests that the People may satisfy their burden of proof by less than the reasonable doubt standard *(see, People v Cooper,* 147 AD2d 926, *lv denied* 74 NY2d 738; *People v Jackson,* 124 AD2d 975, 976, *lv denied* 69 NY2d 746). Nevertheless, the instruction as a whole conveyed the accurate standard of proof to the jury, and reversal is not warranted *(see, People v Clark,*

190 AD2d 989, *lv denied* 81 NY2d 968; *People v Weatherspoon,* 155 AD2d 888, *lv denied* 75 NY2d 872; *People v Hartle,* 151 AD2d 1003, *lv denied* 74 NY2d 810). (Appeal from Judgment of Monroe County Court, Wisner, J.—Rape, 1st Degree.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ.