■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BENN, Appellant. [623 NYS2d 634] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered June 16, 1992, convicting him of sodomy in the first degree, attempted rape in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his cross examination of the complainant was improperly curtailed is without merit. Although prior alleged sexual assault complaints do not fall within the proscriptive scope of CPL 60.42, it is not an improvident exercise of discretion for a trial court to restrict cross-examination on that topic, especially where, as here, the defendant provided no basis for his allegation that the prior complaints were false (see, People v Lippert, 138 AD2d 770; see also, People v Mandel, 48 NY2d 952; People v Passenger, 175 AD2d 944; People v Hamel, 174 AD2d 837). Contrary to the defendant's contention, he was not prohibited from cross-examining the complainant regarding the facts underlying her conviction of sexual abuse.

Furthermore, we find that the court correctly imposed consecutive sentences for the defendant's convictions of rape in the first degree and sodomy in the first degree. The defendant committed separate and distinct sexual acts so that the imposition of consecutive sentences was wholly appropriate (see, People v Rivera, 186 AD2d 594; see also, People v Cropper, 202 AD2d 603; People v Thomas, 166 AD2d 624).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Miller, J. P., O'Brien, Santucci and Florio, JJ., concur.