THIRD DEPARTMENT, DECEMBER, 1995

(December 7, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC R. NUSBAUM, Appellant. [634 NYS2d 852] —Mikoll, J. P. Appeals (1) from a judgment of the County Court of Albany County (Keegan, J.), rendered April 29, 1991, upon a verdict convicting defendant of the crimes of burglary in the third degree, burglary in the second degree (two counts), petit larceny (two counts), grand larceny in the fourth degree, criminal possession of stolen property in the fourth degree and criminal possession of stolen property in the fifth degree, and (2) by permission, from an order of said court (Breslin, J.), entered April 13, 1994, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

In August 1989, defendant made oral statements to Detectives John Fischer and Richard Keegan of the City of Albany Police Department admitting that he stole jewelry from the apartment of his ex-wife, Kimberly LePore, on July 27, 1989 and July 31, 1989 and sold it at a local pawn shop. He also admitted that he broke into the Albany Port Tavern on August 15, 1989 and stole money from a safe which was unlocked after the detectives told him that his fingerprint had been found on the safe.

County Court held a pretrial *Huntley* hearing at which time Fischer's Grand Jury testimony was given to defendant. County Court ruled that defendant's statements to police were voluntary and denied defendant's motion to suppress them. During the course of the trial, defense counsel subpoenaed records from the Albany Police Department, which were received prior to the close of the People's case. Contained in these records was a supplemental police report, which did not contain the name of the person or persons who authored it, and the written statement of George Taylor, the bartender on duty at the Albany Port Tavern on the morning it was burglarized. The People concede that the supplemental police report and the written statement of Taylor are *Rosario* material which had been delivered to defendant prior to the close of the People's evidence, but had not been furnished to defendant before the *Huntley* hearing or Fischer's testimony at trial (*see*, CPL 240.45 [1] [a]). It is not disputed, however, that the People were unaware of the existence of these documents and did not have them in their possession. Further, defense counsel never made any requests or motions relating to this apparent *Rosario* violation.

Defendant was found guilty as charged on seven of the eight counts of the indictment. As to count two, he was found guilty of the lesser included offense of petit larceny. Defendant was sentenced as a second felony offender to an indeterminate prison term of $3^1/_2$ to 7 years on count one (burglary in the third degree); one year on the lesser included offense (petit larceny) under count two, to run concurrently with count one; $7^1/_2$ to 15 years on count three (burglary in the second degree), to run consecutively to count one; one year on count four (petit larceny), to run concurrently with count three; $7^1/_2$ to 15 years on count five (burglary in the second degree), to run consecutively to counts one and three; 2 to 4 years on count six (criminal possession of stolen property in the fourth degree), to run concurrently with count five; 2 to 4 years on count seven, to run consecutively to counts one, three and five; and 1 year on count eight (criminal possession of stolen property in the fifth degree), to run concurrently with all other counts.

After filing his direct appeal from the judgment of conviction but before perfecting same, defendant moved in County Court pursuant to CPL 440.10 to vacate the judgment of conviction based on the People's *Rosario* violations and the ineffective assistance of counsel. The motion was denied without a hearing and defendant was granted permission to appeal from that order. On review of defendant's arguments for reversal and a new trial, we find no reversible error.

We reject defendant's argument that County Court erroneously denied his CPL 440.10 motion to vacate the judgment of conviction because the People violated CPL 240.45 (1) (a) and the *Rosario* rule in failing to provide defendant with the supplemental police report and Taylor's written statement. In his CPL 440.10 motion before County Court, defendant did not raise the *Rosario*-related argument he now presents. In his papers in support of his CPL 440.10 motion, the only contention defendant advanced in connection with the undisclosed Taylor statement related to his assertion that he was denied the effective assistance of counsel. Consequently, his present claim that the People's complete failure to turn over Taylor's statement was per se error under *Rosario* principles is not reviewable on appeal from the order of denial (*see, People v Banch*, 80 NY2d 610). In any event, were we to consider both documents in ascertaining the validity of the CPL 440.10 motion on the basis of *Rosario* violations, we would nonetheless affirm County Court's denial of the motion. There was not, as defendant argues, a complete failure to turn over the documents and the delay in turning over the documents did not

prejudice defendant (*see, People v Fiacco,* 172 AD2d 994, *lv denied* 78 NY2d 965). Further, since defense counsel, after receiving the documents, made no requests or motions to reopen the *Huntley* hearing (*see, People v Antelmi,* 187 AD2d 601; *People v Garrett,* 177 AD2d 1, 3, *lv denied* 79 NY2d 1000; *People v Rivera,* 163 AD2d 65, *affd* 78 NY2d 901), for an adverse witness charge (*see, e.g., People v Martinez,* 71 NY2d 937, 940) or for a mistrial (*see, People v Hamel,* 174 AD2d 837, 837-838), any claimed *Rosario* violation has not been preserved for appellate review (*see, People v Rogelio,* 79 NY2d 843, 844; *People v Hamel, supra*).

Turning to defendant's second basis for the CPL 440.10 motion to vacate the conviction, i.e., the ineffective assistance of trial counsel, defendant relies on matters outside the record as well as matters contained in the record. A CPL 440.10 motion is the appropriate vehicle to present ineffective assistance claims relating to matters outside the record (*see, People v Garcia,* 187 AD2d 868, *lv denied* 81 NY2d 885; *see also, People v Perez,* 198 AD2d 540, *lv denied* 82 NY2d 929). Such claims based on matters in the record may properly be reviewed on defendant's direct appeal (*see, People v English,* 215 AD2d 871, 873, *lv denied* 86 NY2d 793). The test of whether defendant was denied the effective assistance of counsel in either case is whether the defendant was afforded meaningful representation (*see, People v Satterfield,* 66 NY2d 796, 799-800). Viewing the record as a whole (*see, supra; People v Baldi,* 54 NY2d 137, 146-147) and taking into account any errors that may have been made by defense counsel (*see, People v Beaudoin,* 198 AD2d 610, 612, *lv denied* 82 NY2d 922), we conclude that defendant was not denied the effective assistance of counsel.

Defendant's contention of ineffective assistance of counsel pursuant to CPL 440.10 primarily concerns defense counsel's failure to utilize the belatedly produced statements to contradict or impeach the trial testimony of prosecution witnesses, particularly Fischer and Taylor. Counsel's decision not to use these statements for impeachment or contradiction of these witnesses was a defensible trial tactic. There was little to gain by pursuing the point since the alleged "inconsistencies" were not significant. Extensive cross-examination had been had and further cross-examination based on the documents would likely be of only minimal value. The purposes of *Rosario* were fulfilled inasmuch as defense counsel had an opportunity to use the documents for impeachment purposes (*see, People v Jackson,* 78 NY2d 638, 645) but elected not to do so, which was counsel's prerogative (*see, People v Flores,* 84 NY2d 184, 188).

Defendant's arguments based on matters within the record, i.e., arguments on his direct appeal of inadequate representation, either lack merit or merely reflect disagreements with his counsel's trial strategy and are insufficient to sustain a claim of ineffective assistance of counsel (*see, People v Vann*, 216 AD2d 599, 602-603). Outside of failing to object to the delay in providing *Rosario* material, defense counsel's representation was vigorous and appropriate in all phases of the trial, including submission of specific requests regarding County Court's charge to the jury and an effective summation.

Defendant's claim that the prosecutor's violation of County Court's *Sandoval* ruling requires reversal of his conviction lacks merit. Although County Court ruled that defendant could be asked on cross-examination whether he was convicted of various crimes, the prosecutor was specifically prohibited from inquiring into "the nature of the crime or the underlying facts". Instead, the prosecutor specifically referred to petitioner's prior conviction for petit larceny and partially referred to his prior conviction for burglary, resulting in prejudice to defendant. County Court's immediate curative instruction, however, reduced this prejudice to the extent that reversal on such grounds is not warranted (*see, People v Davis*, 208 AD2d 1062, 1063-1064, *lv denied* 84 NY2d 1010; *People v Berard*, 112 AD2d 470; *cf., People v Martin*, 172 AD2d 268, 270; *People v Butchino*, 141 AD2d 986, 987). In view of the immediate curative instruction given here and the overwhelming evidence of defendant's guilt, including his oral confession to police as to all three incidents and his 12-year-old daughter's contradiction of his version of events relating to the theft of LePore's jewelry, the prejudice from the prosecutor's improper references to defendant's prior convictions for petit larceny and burglary was harmless (*see, People v Davis, supra; see also, People v Cheatham*, 158 AD2d 934, 935).

Defendant's claim that his sentence is excessive and should be reduced because, *inter alia*, Penal Law § 70.30 (1) (c) (i) requires it is rejected. The sentence imposed, which in the aggregate exceeds the 20-year limitation imposed by Penal Law § 70.30 (1) (c) (i), is not illegal (*see, People v Moore*, 61 NY2d 575). As a practical matter, the Department of Correctional Services will reduce it pursuant to this statutory provision when calculating the time to be served. This Court, however, is not required to do so (*see, supra; People v Smith*, 179 AD2d 903).

We have considered defendant's other arguments for reversal, including those raised in his *pro se* brief, and find them to be unpersuasive.

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment and order are affirmed.