■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE LEE HARRIS, Appellant.—Judgment unanimously reversed, on the law, and a new trial granted. Memorandum: Following a jury trial, defendant was convicted of assault in the first degree (Penal Law, § 120.10, subd 1) and possession of a dangerous instrument (former Penal Law, § 265.05, subd 9). During a trial recess which interrupted the testimony of David Cage, the victim of the assault, juror Dorothy Jones privately informed the Judge that she recognized Cage. Following that communication, Mrs. Jones was examined outside the presence of the jury. Although it had been elicited during *voir dire* that Mrs. Jones was a nurse and knew the doctor involved in the case, it developed at her examination that she worked at the same hospital in which Cage had been treated following the assault. She testified that on July 1, 1974, the date of the crime, a supervisor said to her in an apparent reference to Cage "Boy Dorothy, we got something that was brought in, there was blood in the parking lot and in the emergency room". That same day she was approached by three young people who asked her about a patient's condition. Upon checking, she learned that the patient was in the operating room. She then looked in the operating room and saw that the patient was on the table and that the operation was in progress. Later that day she again saw the same patient, as she did the following day, in the surgical intensive care unit. When David Cage took the witness stand, although she did not recall his name when questioned during *voir dire,* she realized that he had been that patient. When asked whether her "firsthand" knowledge that Cage had almost died would impair her ability to serve as a fair and honest juror, she replied that it would have no such effect. Following her examination, she was returned to the jury room after being instructed not to discuss the incident with her fellow jurors. The defendant unsuccessfully moved for a mistrial and then requested that Mrs. Jones be removed from the jury and be replaced by one of the available alternate jurors. That request was also denied. When the jury returned to the courtroom, they were advised by the court that Mrs. Jones recalled Cage being in the hospital and that she saw him both in the operating room and in the surgical intensive care unit. Although the Criminal Procedure Law then in effect did not mandate the court to replace a grossly unqualified juror with an alternate (former CPL 270.35, subd 2, amd L 1975, ch 77, § 1), that section may not be invoked to defeat the defendant's basic right to a fair trial. The essence of the right to a jury trial is "a fair trial by a panel of impartial, 'indifferent' jurors" *(Irvin v Dowd,* 366 US 717, 722), and the verdict of a jury must be based only upon the evidence developed at the trial. There must be "no just ground for suspicion that the decision was founded on anything other than the evidence" *(Payne v Burke,* 236 App Div 527, 528–529). The retention of Mrs. Jones, a juror in a position to offer direct testimony regarding an element of the crime charged, served to destroy the defendant's right to a jury trial. Her personal awareness that the alleged victim had indeed been injured and her knowledge of the general scope of his injuries, constituted inherent prejudice to the defendant (see *People v Crimmins,* 26 NY2d 319, 323; see, also, *People v De Lucia,* 20 NY2d 275, 278, 280). The contention of the People that the fact of the

victim's injury and its extent were never seriously disputed at the trial, loses sight of the requirement that every element of the offense charged must be proven beyond a reasonable doubt by "trial evidence" (CPL 70.20). Although the court apparently sought to "sterilize" the jury (see *People v Sher*, 24 NY2d 454), its explanation concerning Mrs. Jones effectively tainted the entire panel by reporting facts which should have been within its exclusive authority to determine. In view of the denial of the fundamental right to a fair trial, the conviction is reversed and a new trial granted *(People v Crimmins*, 36 NY2d 230, 238). Defendant's remaining points in this appeal have been considered and found to be without merit. (Appeal from judgment of Onondaga County Court convicting defendant of assault, first degree, and possession of a weapon.) Present—Marsh, P. J., Mahoney, Dillon, Goldman and Witmer, JJ.