OPINION OF THE COURT
Wallace R. Cotton, J.
An investigative report of alleged child abuse conducted by the New York Society for the Prevention of Cruelty to Children, which determines the allegation to be without merit, is not subject to discovery and inspection in a custody proceeding when all information identifying the subjects of the report has been expunged, as mandated by law (Social Services Law § 422 [5]). Nor may the expunged report be resurrected by deposing the investigator as a nonparty witness pursuant to CPLR 3101 (a) (4).
The instant matrimonial action involves, inter alla, a custody dispute between the parents of three minor children. Each party has moved for temporary custody of the children. The custody motion is currently sub judice.
When the parties were previously before the Family Court, the defendant father, by his attorney, made an allegation that *625 the plaintiff mother engaged in a course of bizarre and deviant conduct directed toward him in the presence of their children. Concerned for the welfare of the children, the Family Court Judge, upon hearing the allegations, ordered the New York Society for the Prevention of Cruelty to Children (hereinafter referred to as Society) to undertake an immediate investigation to determine whether there was any present danger to the children.
After conducting the investigation, the Society determined that there was no credible evidence to believe that the children were abused or maltreated. The litigants here were so informed in a letter written to them by the New York State Department of Social Services. The letter further informed the parties that “[i]n accordance with the law, all information that in any way would identify persons named in [the] report has been expunged [erased]”.
The defendant father subsequently made another report of child abuse allegedly committed by the mother. Specifically, the father alleged that the mother left one of the children alone for two hours. This report was also investigated by the Society, but it, too, was held to be unfounded. The Assistant Attorney-General appearing for the Department of Social Services has submitted an affidavit averring that the litigants will receive a similar letter from the Department advising them that the second investigatory report will also be expunged, if it has not already been done.
In conjunction with the custody proceeding now pending before the Supreme Court, the plaintiff mother made the instant motion to compel the Society to produce its investigatory files pertaining to the two aforementioned child abuse reports initiated by the defendant father. Rather than oppose the application, the father cross-moves for the same relief and, in addition, seeks permission to depose the Society’s investigator as a non-party witness pursuant to CPLR 3104 (a) (4). The Society and the Department of Social Services, however, oppose the parties’ application. For the reasons stated below, the court concludes that the litigants are not entitled to the relief sought.
Although it has been held that pretrial discovery is not allowed in a matrimonial action on the question of child custody (see, P. v P., 93 Misc 2d 704; Ginsberg v Ginsberg, 104 AD2d 482), in the present case both parties are consenting to discovery on the issue of custody. However, while the court recognizes that litigants are ordinarily free to mutually chart their own procedural course without judicial intervention, they may only do so *626 in the absence of a strong countervailing public policy clearly enunciated by the Legislature or the judiciary.
The public policy exception just referred to by the court is present in the case at bar. Recognizing that child abuse is a phenomenon that evokes powerful responses — one need only look no further than the recent scandal concerning child abuse at the city’s day care centers — the Legislature enacted Social Services Law § 422 (5) which provides as follows: “Unless an investigation of a report conducted pursuant to this title determines that there is some credible evidence of the alleged abuse or maltreatment, all information identifying the subjects of the report shall be expunged from the central register and from the records of all local child protective services forthwith”.
“The purpose of [§ 422 (5)] is to protect the rights of individuals who have been investigated and found to be innocent of charges of child abuse and maltreatment. It is clearly the intent of the * * * legislation, and it is incorporated into the Rules and Regulations of the State Department of Social Services [see, 18 NYCRR 432.9], that when there is no credible evidence supporting an accusation of child abuse or maltreatment, all information regarding the matter should be expunged from both the State central register and local department records”. (Memorandum of Assemblyman Albert Vann, 1981 NY Legis Ann, at 308.)
Significantly, the Legislature provided that unfounded reports of child abuse be expunged, not sealed. The two words are not synonymous. “The word ‘expunge’ is described as a term expressive of cancellation or deletion, implying not a legal act, but a physical annihilation”. (35 CJS, Expunge, at 343.) On the other hand, when a record is sealed it is merely segregated to ensure its confidentiality to the extent specified in the controlling statute. Thus, in considering the intent of the Legislature when it used the word “expunged” in Social Services Law § 422 (5), the court is obliged to follow one of the primary rules of statutory construction, which is to ascertain intent from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning without resorting to an artificial construction (McKinney’s Cons Laws of NY, Book 1, Statutes § 94).
The word “expunge” does indeed have a plain and ordinary meaning. Although described above, if a further definition is needed, it may be found in Black’s Law Dictionary 522 (5th ed 1979), where it defines “expunge” as follows: “To destroy; blot out; obliterate * * * efface designedly; strike out wholly. The act *627 of physically destroying information — including criminal records — in files, computers, or other depositories”. Accordingly, the court holds that when the Society expunged the unfounded reports of suspected child abuse they were in effect destroyed. Therefore, since the records now sought are considered to have been destroyed, they are no longer available to the parties for their use in the instant action. Nor may the defendant father attempt to recreate the records by deposing the Society’s investigator, inasmuch as that would constitute an impermissible circumvention of the express purpose of the statute (see, Memorandum of Assemblyman Albert Vann, 1981 NY Legis Ann, at 308).
Although the court recognizes that an argument could be made that a party, in this case the mother, for whose benefit and protection a record is expunged, should be able to waive that protection and use the expunged record in the custody proceeding, such an argument, nevertheless, ignores the effect of expunging a record (i.e., obliteration).
The plaintiff mother further contends that it is not clear whether section 422 is applicable to the first report of alleged abuse made by the father because it was referred to the Society by the Family Court Judge before whom the parties originally had appeared. Although the power of a Family Court Judge to order the appropriate child protective agency to conduct a child protective investigation, as described by the Social Services Law, is derived from Family Court Act § 1034, it is significant to note that under Social Services Law § 414 any person may make a report of child abuse or maltreatment, provided that such person has reasonable cause to suspect that a child is an abused or maltreated child. Therefore, in our case the father need not have first reported his allegations to the Family Court, but could have gone directly to the local child protective service pursuant to Social Services Law § 414. The crucial point is that the Legislature, in enacting the expungement provision contained in Social Services Law § 422 (5) recognized that those unjustly accused of child abuse suffer an indelible stigma resulting from the accusation alone, even though it is later determined that the charges are without merit. Thus, in the instant case it matters not that the allegation of child abuse was referred to the local child protective service by a Family Court Judge pursuant to Family Court Act § 1034, and not by the father, as permitted by Social Services Law § 414. Social Services Law § 422 (5) is applicable in both instances.
*628 Consequently, the motion and cross motion for discovery and inspection of the aforementioned expunged records, as well as that branch of the defendant’s motion to depose the Society’s investigator as a nonparty witness are denied.