THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
MATTHEW HARDER, Appellant.

Third Department, April 27, 1989

## APPEARANCES OF COUNSEL

*Ackerman, Wachs & Finton, P. C. (F. Stanton Ackerman* of counsel), for appellant.

*Sol Greenberg, District Attorney (Michael J. Connolly* of counsel), for respondent.

## OPINION OF THE COURT

LEVINE, J.

There was proof submitted by the prosecution that on the evening of October 31, 1986 (Halloween), defendant, then age 16, and two other youths who were each 15 years old, broke into two residences on Keeler Drive in the City of Albany. The three stole various items from these homes and then set fires which resulted in the destruction of the residences. Because of their ages, defendant's two accomplices were subject to delinquency proceedings in Family Court. Defendant, however, was indicted on two counts of burglary in the second degree, a class C felony, two counts of arson in the third degree, a class

C felony, grand larceny in the third degree, a class E felony, and petit larceny, a class A misdemeanor.

During defendant's nonjury trial, the prosecution first learned that defendant had written letters to Peter "A",[1] one of the other youths involved in the incident, in which defendant allegedly asked Peter to assume all responsibility for the criminal acts. Based on this information, the prosecution announced that it intended to call Peter as a witness. In response, defense counsel requested that County Court issue a judicial subpoena duces tecum to obtain Peter's Family Court records for impeachment purposes. County Court denied this request on the ground that such records are confidential (see, Family Ct Act § 166; 22 NYCRR 205.5) and also because defendant's request was untimely.

The prosecution initially called Peter for the sole purpose of introducing two letters that defendant had written to him and did not elicit any testimony regarding the incident itself. On cross-examination by defense counsel, Peter was questioned about the incident and testified that he did not recall who was the first to break into either house or who started the fires. The prosecution, in its redirect examination, purportedly sought to impeach Peter's testimony through use of his police statement, which indicated that defendant broke a window to gain entry to the first house and that defendant broke in through a side door at the second house. On re-cross-examination, defense counsel asked Peter whether he had made statements before Family Court regarding the incident. When Peter replied that he had, counsel then asked whether those statements were consistent with his present testimony. Peter answered yes.

At this juncture, defense counsel again argued that he was entitled to receive Peter's Family Court records for impeachment purposes. According to defense counsel, these records were necessary to expose any prior inconsistent statements which Peter may have made during his Family Court proceedings. County Court denied the request, reasoning that since defendant had been the first to question Peter about the incident itself, he had exceeded the scope of the direct examination and, thus, had adopted Peter as his own witness, vouching for Peter's credibility as to those matters (see, 8 Carmody-Wait 2d, NY Prac § 56:115, at 225-226; Groble, Kerschensteiner and McKay Criminal Procedure in New York, Part 2, § 9:03 [rev ed]).

---

1. Fictitious name.

At the conclusion of the proof, defendant was found guilty of two counts of burglary in the second degree, arson in the third degree, arson in the fourth degree and two counts of petit larceny. At sentencing, County Court denied defendant youthful offender status and imposed the following sentences, each to run concurrently with the others: indeterminate terms of 1 to 3 years for each burglary count, 2 to 6 years for arson in the third degree, 1½ to 4½ years for arson in the fourth degree, and 10 days for each count of petit larceny. This appeal by defendant ensued.

■ On appeal, defendant contends that County Court erred in ruling that he had adopted Peter as his own witness by questioning him about the incident. Although County Court's ruling that defendant had exceeded the scope of direct examination may have been technically correct, Peter's testimony on defendant's initial cross-examination was essentially only that he was unable to recall specific details of the evening in question. In response to this testimony, the prosecution sought to "impeach" Peter's failed recollection by questioning him about the contents of his police statement. We are persuaded that at the point where the prosecution used Peter's police statement to elicit affirmatively damaging testimony, Peter became the People's witness once again. Thus, we disagree with County Court's determination that defendant was not entitled to Peter's Family Court records because Peter had been adopted as a defense witness.

■ We also disagree with County Court's ruling that defendant's request for the Family Court records was untimely. Peter's name did not appear on the prosecution's list of potential witnesses and, upon being informed that Peter was to be called by the People, defense counsel promptly asked the court to subpoena the records. Under such circumstances, we fail to see how defendant's request could be considered untimely.

Defendant contends that County Court erred in denying his request for the Family Court records based upon the confidentiality of such records. In support of this contention defendant relies on *Davis v Alaska* (415 US 308), which ruled that a criminal defendant's right to utilize State juvenile records to impeach the credibility of a key prosecution witness in accordance with his 6th Amendment right of confrontation outweighs the State's interest in maintaining the confidentiality of such records *(see also, People v Price,* 100 Misc 2d 372, 387-

388). This principle has been further refined by *Pennsylvania v Ritchie* (480 US 39) where a defendant, charged with sexual offenses against a minor, sought pretrial access to the records of the State agency responsible for investigating cases of juvenile mistreatment and neglect. The records demanded by the defendant concerned the agency's investigation of the acts for which he was being charged, as well as the records of an earlier abuse complaint. Pennsylvania law provided that the agency's records were confidential and subject to disclosure in only certain circumstances, including court-ordered disclosure.

In *Ritchie,* the plurality opinion of the court concluded that the 6th Amendment right of confrontation is a trial right which is not violated by restrictions on pretrial discovery *(supra,* at 51-54). However, a majority of the court held that the Due Process Clause of the 14th Amendment requires that a defendant have access to evidence in the possession of the *State*[2] which "is both favorable to the accused and material to guilt or punishment" *(supra,* at 57, citing *United States v Agurs,* 427 US 97, and *Brady v Maryland,* 373 US 83). The court went on to state that " '[e]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different' " *(Pennsylvania v Ritchie, supra,* at 57, quoting *United States v Bagley,* 473 US 667, 682). The court held that the defendant was entitled to have the trial court review the confidential file "to determine whether it contains information that probably would have changed the outcome of his trial" *(Pennsylvania v Ritchie, supra,* at 58).

In the instant case, as in *Ritchie (supra),* defendant sought the confidential records to expose any prior inconsistent statements of the witness. In addition, the statutory privilege of confidentiality is not absolute and disclosure upon court order is authorized *(see,* Family Ct Act § 166). We conclude that, in light of *Ritchie,* County Court erred in refusing to conduct an in camera inspection of the Family Court records, including any statements of Peter, to determine whether they contain any information material to the defense, thereby requiring a new trial, and the matter must be remit-

---

**2.** This principle is to be distinguished from this State's *Rosario* rule *(People v Rosario,* 9 NY2d 286; CPL 240.45), which applies only to records within the possession of the District Attorney *(see, People v Tissois,* 72 NY2d 75, 78; *People v Price,* 100 Misc 2d 372, 381). Here it is uncontested that the prosecution never attempted to obtain the records at issue; accordingly, such records do not constitute *Rosario* material.

ted to County Court for this purpose. If, upon such examination, County Court properly concludes that the records were not material, the error in denying disclosure will not mandate reversal *(see, Pennsylvania v Ritchie, supra,* at 58).

We have considered the other contentions raised by defendant and find them to be either unpreserved for review or without merit.

CASEY, J. P., WEISS, MIKOLL and HARVEY, JJ., concur.

Decision withheld, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this court's decision.