■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW HARDER, Appellant.—Levine, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered January 15, 1988, convicting defendant following a nonjury trial of the crimes of burglary in the second degree (two counts), arson in the third degree, arson in the fourth degree and petit larceny (two counts).

When this appeal was originally before this court, it was concluded that County Court erred in failing to conduct an in camera inspection of the Family Court records of Peter A.,* a witness who testified for the prosecution, to determine whether such records contained evidence "material to the defense" (146 AD2d 286, 290). Peter A., a juvenile, had been the subject of a Family Court proceeding arising out of his participation in the crimes for which defendant was indicted. Apart from that error, we found no basis for reversal. Accordingly, we withheld decision and remitted to County Court to conduct an inspection of the Family Court records of that witness and to make a determination of whether anything contained therein was material, i.e., having a reasonable probability of changing the outcome of defendant's trial (see, Pennsylvania v Ritchie, 480 US 39, 57-58).

County Court has since made the required inspection of Peter A.'s Family Court records and rendered a decision finding nothing in the records which was inconsistent with or materially varied from Peter A.'s testimony. Further, the court found that no information was contained in the record which, if presented at the trial, would have changed the result. Having examined the same records, we agree with County Court's findings, as well as its conclusion that the Family Court records of Peter A. were not material to the defense. Accordingly, any error in denying disclosure before or during the trial does not mandate reversal, and defendant's conviction should be affirmed.

Judgment affirmed. Casey, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.