■ In the Matter of DANIELLE G., and Others, Alleged to be Abused or Neglected Children. CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; KENNETH H., Appel-

lant.—Mahoney, P. J. Appeal from an order of the Family Court of Chemung County (Castellino, J.), entered June 23, 1988, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's stepchild to be abused and his children to be neglected.

Pursuant to Family Court Act article 10, respondent was charged with abuse and neglect of his stepdaughter, then eight years old, and his three children, then four, five and six years old, as the result of his alleged sexual contact with the stepdaughter in October 1987. This alleged incident followed two reports in August and September 1987 by the stepdaughter that respondent had engaged in sexual activities with her, although, following investigation, respondent's involvement was found not indicated. Respondent's discovery motion for the investigation reports of these two earlier incidents was denied by Family Court. Following a hearing, Family Court found that respondent had sexually abused his stepdaughter so that she was an abused child and the other children were neglected. This appeal by respondent from the dispositional order followed.

We reverse. Pursuant to Social Services Law § 422 (4) (A) (d), respondent is entitled to any report or other information resulting from the prior investigations which found no indication of sexual abuse by respondent despite the stepdaughter's allegations (see also, Social Services Law § 422 [7]). Respondent claims that these reports would have aided his defense to the instant petition by providing information to support his claim that the stepdaughter was prompted into alleging his involvement in any sexual abuse by his estranged wife, who had custody of the stepdaughter. In support of respondent's contention, we note that the reports are admissible in evidence (see, Social Services Law § 415) and that there was some evidence supporting his position at the hearing. For example, a caseworker testified that she had some concern that the stepdaughter's August 1987 report of sexual abuse by respondent was encouraged by someone. Thus, the information in the reports, to which respondent has a statutory right, could have assisted respondent in developing this defense. Petitioner's contention that the reports concerning the August and September 1987 allegations were required to be promptly expunged (see, Social Services Law § 422 [5]) so that they should not be made available to respondent is belied by the fact that the reports remained unexpunged and available because of respondent's discovery motion.

For these reasons, we conclude that Family Court incor-

rectly denied respondent access to the prior reports of unsupported allegations of sexual abuse committed by him against his stepdaughter. Accordingly, the order must be reversed and the proceeding remitted for further proceedings. This determination makes it unnecessary to resolve the other issues raised by respondent.

Order reversed, on the law, without costs, and matter remitted to the Family Court of Chemung County for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Weiss, Mikoll and Harvey, JJ., concur.