**Juanita DeCARLO and Vito
DeCarlo, Plaintiffs,**

v.

**Cesar PERALES, Commissioner, New York State Department of Social Services; Richard DuRose, Commissioner of Social Services of Oneida County; and Jacqueline Turner, Individually, and in her official capacity as Supervisor of Day Care Unit, Defendants.**

No. 89–CV–383.

United States District Court,
N.D. New York.

May 2, 1997.

MacKenzie Smith Lewis, Michell & Hughes, L.L.P., (Nancy L. Pontius, Carter H. Strickland, of counsel), Syracuse, NY, for Plaintiffs.

Dennis C. Vacco, Attorney General of the State of New York (Lisa Renee Harris, Asst. Attorney General, of counsel), for Defendant Cesar Perales Litigation Bureau, Albany, NY.

Law Offices of V. Michael Liccione (Norman I. Siegel, of counsel), for Defendant Richard DuRose, Utica, NY.

Gorman, Waszkiewicz, Gorman & Schmitt (Bartle J. Gorman, of counsel), for Defendant Jacqueline Turner, Utica, NY.

### MEMORANDUM–DECISION and ORDER

HURD, United States Magistrate Judge.

### I. INTRODUCTION

Plaintiffs filed the instant civil rights action *pro se* on April 4, 1989. Thereafter plaintiffs' court appointed counsel filed an amended complaint. The defendants[1] denied the material allegations of the amended complaint. A jury trial on the allegations against defendants Jacqueline Turner ("Turner") and Commissioner Richard DuRose ("Commissioner DuRose") was held from January 13, 1997, through January 16, 1997, in Utica, New York. The bench trial against defendant Commissioner Cesar Perales ("Commissioner Perales") was concurrently tried, with the jury acting in an advisory capacity as to the claims against him.

The jury found no cause of action in favor of Turner. The jury further found against Commissioner DuRose in his official capacity as Commissioner of Social Services of Oneida County, and found damages of Three Hundred Thousand Dollars ($300,000) in favor of plaintiff Juanita DeCarlo ("Mrs.DeCarlo"). Findings of Fact and Conclusions of Law were made against Commissioner Perales in his official capacity as New York State Commissioner of Social Services, declaring that he had violated the plaintiffs' constitutional rights.[2] Judgment was entered by the clerk on the results of both the jury and bench trials.

Presently before the court are post-trial motions by Commissioners Perales and DuRose. Oral arguments were heard on March 13, 1997. At that time the motions were denied with a written decision to follow.

### A. Background Facts

Only those facts necessary to an understanding of the resolution of these motions will be recited. Mrs. DeCarlo was a child day care provider certified by Oneida County Department of Social Services ("County Social Services"). She resides with her husband, plaintiff Vito DeCarlo ("Mr.DeCarlo"). In late July of 1985 a call was made to the child abuse hotline maintained by the New

---

[1] Originally there were other named defendants in the case. However, the complaint against all defendants except Commissioner DuRose, Turner, and Commissioner Perales were dismissed prior to trial. The individual claims against both Commissioners were also dismissed.

[2] The jury's advisory finding in favor of Commissioner Perales was rejected.

York State Department of Social Services ("State Social Services") implicating the DeCarlos in the sexual abuse of a child, a charge which was later found to be false. The DeCarlos were immediately listed on the state Central Registry as implicated in child sexual abuse.

County Social Services did an investigation which resulted in an "indicated" finding, meaning that there was some credible evidence of abuse.[3] Based upon the indicated finding, County Social Services revoked Mrs. DeCarlo's child day care certification. Without that certification she could not care for more than two children in her home. A hearing was scheduled for December 9, 1985, regarding the certification revocation. At the hearing, the DeCarlos attempted to have the expungement of their listing on the Central Registry considered, but this request was rejected by the Administrative Law Judge ("ALJ"). On April 6, 1986, the ALJ upheld the revocation of Mrs. DeCarlo's child day care certification. The DeCarlos filed an Article 78 proceeding in state court in an attempt to obtain reversal of the revocation.

During 1987, the DeCarlos' Article 78 action had proceeded, and the New York State Supreme Court Appellate Division, Third Department, found that the revocation of Mrs. DeCarlo's child day care certification was proper because of the indicated finding on the Central Registry. *See DeCarlo v. Perales*, 131 A.D.2d 31, 520 N.Y.S.2d 267 (3d Dep't 1987).

Simultaneously, the DeCarlos pursued expungement of their names from the Central Registry as child sexual abusers. Finally, on May 11, 1987, one year and ten months after the initial listing, Mrs. DeCarlo's name, as a child sexual abuser, was expunged from the Central Registry by the State Social Services. However, her name remained as being in a household with a child sexual abuser, to wit: her husband, because his expungement application was denied. Mr. DeCarlo requested a hearing on the denial. A hearing before the same AU began on October 26, 1987, but was adjourned so that Mr. DeCarlo and the person who had made the original accusations could take lie detector tests.[4] The hearing reconvened on January 7, 1988. In September 1988, fully three years and two months after the initial finding, the ALJ ordered the State Social Services, under Commissioner Perales, to expunge the indicated finding from the Central Registry with regard to Mr. DeCarlo, finding that there was no credible evidence against him regarding child sexual abuse.

In October 1988, after the expungement of her husband's name from the Central Registry and complete vindication for both of them, Mrs. DeCarlo applied to the County Social Services for certification or recertification as a child day care provider. Mrs. DeCarlo met all criteria necessary for certification. However, County Social Services apparently felt that the Appellate Division case upholding the revocation and the subsequent expungement of the DeCarlos from the Central Registry were inconsistent. Therefore, Commissioner DuRose's department never acted upon Mrs. DeCarlo's application. This action followed.

### B. *Motions*

Commissioner Perales moves the court to amend its judgment pursuant to Federal Rule of Civil Procedure 52(b), based upon the Eleventh Amendment to the United States Constitution. Commissioner DuRose brings a motion for judgment as a matter of law, for a new trial or for remittitur pursuant to Federal Rules of Civil Procedure 50(b) and 59(a).

## II. *DISCUSSION*

### A. *Commissioner Perales Rule 52(b) Motion to Amend Judgment*

■ Rule 52(b) provides an avenue for parties whose case is tried to the court to

---

3. Again, it was later determined that the so-called incriminating evidence was false.

4. A short time after the original accusations of child sexual abuse were made, the accuser relocated. The DeCarlos, with their own funds, searched the accuser out and arranged for the lie detector tests. The lie detector test results were favorable to the DeCarlos and unfavorable to the accuser.

Additionally, Mr. DeCarlo, at his own expense, subjected himself to a thorough battery of psychological testing which showed that he had no inclination toward sexual abuse of children.

question the sufficiency of the evidence supporting the court's Findings of Fact and Conclusions of Law. *See* Fed.R.Civ.P. 52(b),[5] *United States v. Local 1804–1, Int'l Longshoremen's Ass'n,* 831 F.Supp. 167, 169 (S.D.N.Y.1993), *aff'd sub nom, United States v. Carson,* 52 F.3d 1173 (2d Cir.1995). The court will amend its judgment pursuant to Rule 52(b) only where a defendant shows that the findings of fact or conclusions of law "are not supported by the evidence in the record." *See Local 1804–1, Int'l Longshoremen's Ass'n,* 831 F.Supp. at 169.

■ Commissioner Perales' motion is denied on several grounds. He does not suggest that the Findings of Fact and Conclusions of Law are unsupported by the evidence. Rather, the defendant relies upon a new theory—the Eleventh Amendment. Advancement of new theories is not a proper ground for relief under Rule 52(b). *See id.* Accordingly, defendant Commissioner Perales' motion is denied on this ground.

■ Furthermore, even if relief under Rule 52(b) was proper, Commissioner Perales' argument that retroactive declaratory relief is inappropriate against him would fail. Recent case law in this district indicates that declaratory relief against a state defendant is permissible under the Eleventh Amendment. *See Estes–El v. Town of Indian Lake,* 954 F.Supp. 527 (N.D.N.Y.1997). Like Mr. and Mrs. DeCarlo, Mr. Estes–El complained of violations of his constitutional rights at a prior time, and sought declaratory relief against a state actor in his official capacity, *id.* at 537. Although the state argued that the claim was barred by the Eleventh Amendment, Senior Judge Howard G. Munson refused to dismiss the action seeking injunctive and declaratory relief. *See id.* Similarly, the judgment declaring that Commissioner Perales violated the constitutional

rights of Mr. and Mrs. DeCarlo will not be amended.

■ Finally, in an Order of January 19, 1990, District Judge Con. G. Cholakis specifically found that Mr. and Mrs. DeCarlo would be entitled to injunctive or declaratory relief if the determination is made that Commissioner Perales' department deprived them of their civil rights. In the decision of January 16, 1997, following the trial in this matter, it was specifically found that "there is certainly a preponderance of the evidence that the Defendant, Cesar Perales, failed to provide plaintiffs, Juanita DeCarlo and Vito DeCarlo, with a process which was due relating to expungement from the Central Register, thus, violating their constitutional rights." (Trial Tr. 1–16–97 4:20 p.m.) Accordingly, declaratory relief was a proper remedy.

**B. *Commissioner DuRose Rule 50(b) Motion for Judgment as a Matter of Law***

Judgment as a matter of law can only be granted on a claim if that claim "cannot under controlling law be maintained." Fed.R.Civ.P. 50(a)(1). Judgment as a matter of law is to be granted "only when, viewing the evidence most favorably to the [nonmoving party], there can be but one conclusion as to the verdict that reasonable men could have reached." *Weldy v. Piedmont Airlines, Inc.,* 985 F.2d 57, 59–60 (2d Cir.1993) (citations and quotations omitted); *Slade v. Whitco Corp.,* 811 F.Supp. 71, 73 (N.D.N.Y.), *aff'd,* 999 F.2d 537 (2d Cir.1993). "The nonmovant must be given the benefit of all reasonable inferences." *Weldy,* 985 F.2d at 60. The defendant fulfilled the procedural necessity of moving for judgment as a matter of law before the case was submitted to the jury. *See* Fed.R.Civ.P. 50(a)(2), (b); *Slade,* 811 F.Supp. at 73.

---

**5.** The rule provides as follows:
 **Amendment.** On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings—or make additional findings—and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59. When findings of fact are made in actions tried without a jury, the sufficiency of the evidence supporting the findings may be later questioned whether or not in the district court the party raising the question objected to the findings, moved to amend them, or moved for partial findings.
 Fed.R.Civ.P. 52(b).

■ Commissioner DuRose first argues that it was error to decide that Judge Cholakis' ruling of January 19, 1990, that the County Social Services' "continuing failure to grant the DeCarlos a day care certificate following the expungement from the central register and the implied vindication of Mr. DeCarlo's name constitutes a due process violation," constituted the law of the case. When a decision is made upon a rule of law in a particular case, that ruling governs the same issues in later stages of the same case; that is, the ruling becomes the "law of the case." *DiLaura v. Power Auth. of New York*, 982 F.2d 73, 76 (2d Cir.1992). The law of the case doctrine is discretionary, and may be reconsidered. *Id.* Reconsideration may be justified where there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Id.* Here there is no change of controlling law or new evidence. Moreover, Judge Cholakis' prior decision was not erroneous. Commissioner DuRose and his County Social Services department did violate Mrs. DeCarlos' due process constitutional rights.

■ Commissioner DuRose further argues that the direction to the jury that recertification implicated liberty and property interests was an error of law and unsupported by the facts. The denial of recertification implicates Mrs. DeCarlo's property interest because she was deprived of her livelihood as a result. Further, it is clear from the record that in refusing to act on her recertification application, Commissioner DuRose's County Social Services department was continuing to treat Mrs. DeCarlo as though the expungements from the Central Registry had never occurred, thus implicating her liberty interests. Moreover, that liberty and/or property interests are implicated is necessarily encompassed by the determination that a due process violation occurred.

■ Commissioner DuRose's final argument that Article 78 provides an adequate state remedy such that there is no procedural due process violation must also be rejected. As noted above, Judge Cholakis ruled in November 1989 from the bench, which was documented in the Order of January 19, 1990, that Commissioner DuRose's continuing failure to recertify Mrs. DeCarlo constituted a due process violation. Even after that decision, Commissioner DuRose failed to make a decision on the recertification application, up until October or November of 1991, when he no longer had the authority to do so. Commissioner DuRose and his department did nothing for two years after Judge Cholakis declared that doing nothing violated Mrs. DeCarlo's due process rights. Considering those circumstances, it is ludicrous to now argue that she had an adequate remedy under Article 78.

### C. *Commissioner DuRose Rule 59(a) Motion for a New Trial or Remittitur*

■ As a final alternative, Commissioner DuRose seeks a new trial on the grounds that the damages awarded to Mrs. DeCarlo were excessive. The standard for setting aside or reducing a jury award via remittitur in this civil rights case is "whether the award is so high as to shock the judicial conscience and constitute a denial of justice." *Ismail v. Cohen*, 899 F.2d 183, 186 (2d Cir.1990)(calculation of damages ordinarily within province of jury). As noted above, the jury awarded Mrs. DeCarlo the sum of Three Hundred Thousand Dollars ($300,000). Commissioner DuRose points to an award of Twelve Thousand Dollars ($12,000) for emotional distress in *Miner v. City of Glens Falls*, 999 F.2d 655 (2d Cir.1993) in support of his motion. In *Miner*, a city police officer was terminated when, due to his religious convictions, he refused to carry a gun as required. *Id.* at 657. A due process violation was found because the city failed to provide Mr. Miner with the required pretermination hearing. *Id.* at 658–59. The circumstances in *Miner* were obviously far different from the circumstances in this case.

After years of fighting to have her and her husband's names removed as child sexual abusers from the Central Registry, Mrs. DeCarlo was finally successful. She immediately applied to the county for recertification as a child day care provider, which she could not obtain until the expungements took place. County Social Services, under Commissioner

DuRose, refused to act upon Mrs. DeCarlo's request for recertification. Commissioner DuRose failed to rule upon the recertification even after a District Court Judge ruled that the continuing failure to act following the expungement and the implied vindication of Mr. DeCarlo's name constituted a violation of Mrs. DeCarlo's constitutional rights. Mrs. DeCarlo met every criteria for recertification. Yet, no recertification was forthcoming. During the entire period while Mrs. DeCarlo waited for recertification following the expungements, Commissioner DuRose and County Social Services continued to act as though the expungements had not occurred. That is, Mrs. DeCarlo was in the same position as she had been in when she was listed in the Central Registry as a sexual abuser of children, and afterwards, when she was labeled as living in the same household with a sexual abuser of children. The stigma of being on the Central Registry was sustained by Commissioner DuRose's failure to recertify Mrs. DeCarlo.

The circumstances which Mrs. DeCarlo endured and the attendant emotional distress, humiliation, and embarrassment suffered as a result of the inaction of Commissioner DuRose and County Social Services are not in any way comparable to emotional injury suffered as a result of termination from a city job without a pretermination hearing, by an employee who knew he was not meeting a requirement of the job.

The jury determined, based upon the evidence presented, the credibility of the witnesses, and the instructions of the court, that Mrs. DeCarlo suffered emotional distress as a result of Commissioner DuRose's violation of her constitutional rights, and awarded her $300,000 to compensate her for those injuries. The jury award does not shock the judicial conscience. Nor does the award constitute a denial of justice. In fact, it is most fair and reasonable. The damage award will not be disturbed. *See Ismail,* 899 F.2d at 187 (substantial awards for mental distress should be upheld where warranted). Neither a new trial nor a remittitur on damages would be appropriate.

### III. *CONCLUSION*

The declaration that Commissioner Perales failed to provide Mr. and Mrs. DeCarlo with due process relating to expungement from the Central Registry, thus violating their constitutional rights, was proper. Commissioner DuRose is not entitled to judgment as a matter of law or a new trial because the failure to act and to recertify Mrs. DeCarlo following expungements from the Central Registry constituted a due process violation. Further, the jury award of Three Hundred Thousand Dollars ($300,000) to Mrs. DeCarlo was completely warranted to compensate her for the mental distress she suffered as a result of the due process violations of Commissioner DuRose.

Accordingly, it is

ORDERED that

1. Defendant Commissioner Cesar Perales' motion pursuant to Rule 52(b) is DENIED;

2. Defendant Commissioner Richard DuRose's motion pursuant to Rule 50(b), or in the alternative Rule 59(a), is DENIED.

IT IS SO ORDERED.