■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN E. GOZDALSKI, Appellant. [659 NYS2d 677] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of sexual abuse in the first degree, defendant contends that County Court used the wrong standard in discharging a juror; abused its discretion in precluding defendant from cross-examining the victim about a prior rape complaint and in permitting a lay witness to testify that the mark on the victim's leg appeared to be from a tail pipe; and improperly emphasized the elements of the crime charged in its instructions to the jury. We reject those contentions.

Defendant and the victim had been at a bar for several hours before the incident. After three witnesses testified, a juror informed the court that he had been in the bar that night, that

he was familiar with the "sexual atmosphere" in the bar that night and how women generally are treated there, and that he was aware that motorcycles were parked in front of the bar. Because the juror expressed familiarity with several material facts and was unsure whether he could determine the facts impartially, the court properly found that the juror was grossly unqualified and discharged him (*see,* CPL 270.35; *People v Daniels,* 218 AD2d 589; *People v Harris,* 53 AD2d 1007; *cf., People v Buford,* 69 NY2d 290, 299).

The court properly exercised its discretion in restricting cross-examination of the victim concerning a prior rape complaint. Defendant failed to establish a basis for the allegation that the prior complaint was false (*see, People v Duggan,* 229 AD2d 688, *lv denied* 88 NY2d 984; *People v Passenger,* 175 AD2d 944, 946).

Defendant contends that the court improperly emphasized the elements of sexual contact and forcible compulsion in its jury instructions by twice defining those elements, thereby leading the jury to infer that the court believed that those elements were satisfied. That contention lacks merit. During its deliberations, the jury asked the court to reread the instruction on sexual contact and twice asked the court to reread the instruction on forcible compulsion. The jury presumably would not have requested those readbacks if it had inferred from the court's initial jury instructions that those elements were satisfied.

The court properly permitted a lay witness to testify that an egg-shaped mark on the victim's leg was a tail pipe burn. A lay witness may testify regarding "[t]he apparent physical condition of a person, which is open to ordinary observation" (Prince, Richardson on Evidence § 7-202 [d], at 446 [Farrell 11th ed]), and the witness demonstrated sufficient experience to describe that condition (*see, People v Caccese,* 211 AD2d 976, 977, *lv denied* 86 NY2d 780).

We also reject defendant's further contention that improper comments by the prosecutor on summation warrant reversal. The comment concerning the failure of a witness to testify was a fair response to the summation of defense counsel (*see, People v Erwin,* 236 AD2d 787), and, to the extent that the comment could be interpreted to have diluted the People's burden of proof, the court's instructions cured any prejudice to defendant (*see, People v Alls,* 195 AD2d 952, *lv denied* 82 NY2d 890). Because facts were elicited that would support a consent defense, it was proper for the prosecutor to comment on that defense. Lastly, although the comment "boys will be boys" was

not appropriate, it was not so egregious that defendant was thereby deprived of a fair trial (*see, People v Greer*, 217 AD2d 1003). (Appeal from Judgment of Erie County Court, Drury, J.—Sexual Abuse, 1st Degree.) Present—Denman, P. J., Green, Callahan, Balio and Boehm, JJ.