OPINION OF THE COURT
Donald J. Mark, J.
The defendant, who is charged with one count of sodomy in the first degree, three counts of rape in the third degree, three counts of sodomy in the third degree, three counts of sexual abuse in the third degree and one count of endangering the welfare of a child, has made two motions pursuant to CPLR 2307, requesting the issuance of judicial subpoenas duces tecum for the production of records pertaining to the complainant in the custody of the Department of Social Services of Monroe County (DSS).
The first motion seeks records of the foster care provided to the complainant by DSS, and the second motion seeks records of an investigation of the complainant’s prior allegations of sexual conduct conducted by DSS.
The basis for each motion is that a portion of these records, which involve the same time frame as the crimes charged in the indictment, contain (1) dates of the complainant’s contact with the defendant, her father (see, People v Earel, 220 AD2d 899, lv granted 88 NY2d 935, affd 89 NY2d 960); (2) information regarding the complainant’s sexual activity with other males (see, People v Williams, 81 NY2d 303); (3) information of prior false allegations of sexual assault (see, People v Gozdalski, 239 AD2d 896, lv denied 90 NY2d 858); and (4) statements of the complainant evidencing contact with the defendant (see, People v Harder, 146 AD2d 286, 153 AD2d 976).
*345 The prosecutor opposed the first motion for the foster care records of the complainant upon the ground that the defendant’s reasons were insufficient to breach the confidentiality imposed upon such records by section 372 (4) and section 136 (2) of the Social Services Law, and DSS concurred (see, People v Gissendanner, 48 NY2d 543, 549 [“access has been denied in cases in which the defendant failed to demonstrate any theory of relevancy and materiality, but, instead, merely desired the opportunity for an unrestrained foray into confidential records in the hope that the unearthing of some unspecified information would enable him to impeach the witness”]).
Section 372 (4) (a) of the Social Services Law, insofar as it is pertinent to this factual situation, provides as follows: “All such records relating to such children * * * kept by the department shall be deemed confidential and shall be safeguarded from coming to the knowledge of and from inspection or examination by any person other than one authorized * * * by a justice of the supreme court * * * when such records are required for the trial of a proceeding in such court,[1] after notice to all interested persons and a hearing”.[2]
Section 136 (2) of the Social Services Law, insofar as it is pertinent to this factual situation, provides as follows: “All communications and information relating to a person receiving public assistance or care obtained by any social services * * * employee in the course of his or her work shall be considered confidential and * * * shall be disclosed only * * * to a person or agency considered entitled to such information.”
However, statutory confidentiality of DSS records is not always sacrosanct, and upon the basis of a proper showing they may be released upon court order after an in camera inspection (e.g., W. v U., 44 AD2d 727 [records showing prior inconsistent statements by mother in paternity action]; People v Truick, 175 Misc 2d 460 [records showing wife motivated to charge husband with domestic violence crimes, because he *346 reported to DSS that wife was illegally receiving benefits at time he was making support payments]; People v Doe, 170 Misc 2d 454 [records showing prior inconsistent statements of alleged victim of sexual abuse]; see, Matter of Danielle G., 155 AD2d 731 [stepfather charged with sexual abuse of stepdaughter entitled to discovery of reports of prior complaints of sexual abuse against him by stepdaughter determined to be unfounded because instigated by estranged wife]).
Thus, upon an assertion of valid reasons, the confidentiality mandated by section 372 (4) and section 136 (2) of the Social Services Law must yield to the right of the defendant to be provided with material necessary to his defense.
DSS advanced a most cogent argument, adopted by the prosecutor, in opposition to the defendant’s second motion to be furnished with the records of an investigation involving allegations of sexual conduct. That agency claimed that those allegations were investigated by DSS and determined to be unfounded and consequently were sealed, that section 422 (5) of the Social Services Law prohibits the admission of such report in any proceeding,[3] and that if the defendant seeks to evade the prohibition of that statute because it is unconstitutional, the Attorney-General must be notified in accordance with section 71 of the Executive Law and CPLR 1012 (b).
The pertinent portion of Social Services Law § 422, subdivision (5), provides as follows: “Notwithstanding section four hundred fifteen of this chapter, section one thousand forty-six of the family court act, or any other provision of law to the contrary, an unfounded report shall not be admissible in any judicial or administrative proceeding or action.”[4]
There is obvious tension between the right of a defendant to a fair trial and the right of the State to maintain confidentiality of certain records. The applicable theory of law on this subject was succinctly stated in Matter of De Carlo v Perales (131 AD2d 31, 34) (related case is DeCarlo v Perales, 963 F *347 Supp 175) in this language: “In a proceeding involving child abuse, the charged party’s interest in examining inculpatory or even exculpatory material must be balanced against the State’s concern with maintaining the confidentiality of its files (Pennsylvania v Ritchie, 480 US [39], 107 S Ct 989). As observed in Ritchie, the charged party’s right to a fair trial can be protected by an in camera examination of the material in question (supra).”[5]
The case of People v Thurston (209 AD2d 976, lv denied 85 NY2d 915) cited Pennsylvania v Ritchie (supra), and is very similar to this case. There, the defendant, who was charged with the sexual abuse of two young victims, subpoenaed their records from the children’s center. The defendant maintained that those records were material to his defense that the children were manipulated by individuals who had a vendetta against him. After an in camera inspection, the trial court refused to allow the defendant access to those records. The Appellate Division, Fourth Department, found that the records were material to the defendant’s defense and the withholding of the records denied the defendant a fair trial.
The case of People v Harder (146 AD2d 286, supra) also cited Pennsylvania v Ritchie (supra). There, the prosecutor called a juvenile accomplice of the defendant to testify that the defendant had asked the juvenile to assume responsibility for the crimes with which both were charged. The juvenile testified that he had made statements in Family Court consistent with his testimony, so the defendant asked for production of those records to expose any prior inconsistent statement for the purpose of impeachment. The appellate court concluded that the statutory privilege of confidentiality is not absolute and that the trial court erred in denying the defendant’s request for the Family Court records.[6]
Thus, if the defendant can demonstrate that the prohibition provided for in the applicable portion of section 422 (5) of the Social Services Law would deprive him of material necessary *348 for his defense, such prohibition must be negatived, and the appropriate information must be admitted at trial.
The claim of DSS and the prosecutor that in order for the defendant to prevail on his second motion, the pertinent portion of section 422 (5) must be declared unconstitutional is without merit. That part of the statute can be found to be unconstitutional as applied to this defendant without it being declared unconstitutional (see generally, People v Thompson, 83 NY2d 477; People v Van Pelt, 76 NY2d 156; People v Cosme, 203 AD2d 375).[7] This does not necessarily mean that this part of the statute would be unconstitutional as applied to all defendants.[8] Thus, the portion of the statute involving the prohibition is found to be unconstitutional as applied to this defendant, and the Attorney-General need not be notified (see, People v Darson, 48 AD2d 931).
The interesting facet of this issue is that the part of section 422 (5) which precludes admissibility, i.e., that allegations of sexual abuse were investigated and determined to be unfounded, is the same reason that provides impeachment material for cross-examination of the complainant, i.e., that she made prior false allegations of sexual abuse (People v Gozdalski, 239 AD2d 896, supra; People v Duggan, 229 AD2d 688, lv denied 88 NY2d 984; People v Passenger, 175 AD2d 944; People v Harris, 132 AD2d 940). The original proffered reasons, even if marginal, are buttressed sufficiently by this development to evoke a favorable disposition of the defendant’s two motions.
Any information produced to the defendant as a result of these motions and the ensuing in camera examination of the DSS records should likewise be produced to the prosecutor (Matter of Roman, 97 Misc 2d 782; see, People v Doe, 170 Misc 2d 454, supra).
Accordingly, both applications of the defendant are granted; two subpoenas duces tecum will be issued to DSS for the records sought; the court will examine the requested records in camera to determine which material will be released to the defendant; all material furnished to the defendant will be *349 duplicated for the prosecutor; and the information furnished pursuant to the second motion will not be denied admissibility because of the prohibition of section 422 (5).

. Because of the placement of the commas in this statute, it is unclear whether the phrase “when such records are required for the trial of a proceeding in such court” refers only to a Judge of the Family Court, or to a Justice of the Supreme Court as well. It is this court’s interpretation that it applies to both courts.

. DSS contends that “all interested persons” includes the mother or guardian of the complainant, so the defendant was directed to serve this motion upon the complainant’s guardian pursuant to this section and section 50-b of the Civil Rights Law (see, Matter of Grand Jury Proceedings Special Investigation 1198/82, 118 Misc 2d 683).

. Section 422 (4) (A) (e) provides for release of a report to a court upon a finding that the information is necessary for the determination of an issue, but this must refer to records other than unfounded reports. There is no provision for notice in this subdivision, but the defendant was directed to serve this motion upon the complainant’s guardian pursuant to section 50-b of the Civil Rights Law.

. The defendant relies upon Matter of Danielle G. (155 AD2d 731, supra), which held that section 422 (4) (A) (d) authorizes release of an unfounded report to the individual originally charged in such report, to counteract this section, but this case was decided prior to February 12, 1996, the effective date of the section creating the prohibition. (L 1996, ch 12, § 22.)

. In view of this decision and the other decisions citing Pennsylvania v Ritchie (480 US 39, supra), the defendant’s reliance on KvK (126 Misc 2d 624, 626), which concluded “when a record is sealed it is merely segregated to ensure its confidentiality to the extent specified in the controlling statute”, is unnecessary; this case also was decided prior to the effective date of the statute.

. That Court also cited with approval Davis v Alaska (415 US 308) which ruled that a defendant’s right to juvenile records to impeach the credibility of a prosecution witness outweighed the State’s interest in maintaining the confidentiality of such records.

. These cases involve sentences which were determined to be unconstitutional as applied, but in the absence of any direct authority, they are cited as analogous.

. For example, in People v Gissendanner (48 NY2d 543, supra), the Court of Appeals ruled that access to confidential records may be denied where a defendant merely speculates that he might discover impeachment material.