OPINION OF THE COURT
George B. Ceresia, Jr., J.
LV is currently the subject of a criminal proceeding pending *913 in the Town of North Greenbush Justice Court, Rensselaer County, in connection with allegations of child abuse. The People have made a motion pursuant to CPLR 2307 for issuance of a subpoena duces tecum directed to the Rensselaer County Department of Social Services, Child Protective Services. The subpoena duces tecum demands production of the following: “any and all records pertaining to the investigation into a case involving ‘LV’ (D.O.B. [---]), and her children that was conducted on or about December, 1996.”
Defendant does not oppose the application and requests that a copy of such records be delivered to defendant.
The Rensselaer County Department of Social Services (RCDSS) opposes the application. Counsel for RCDSS indicates that any child protective reports of alleged abuse or maltreatment which RCDSS may have received regarding any members of LV’s family have been classified as “unfounded.” It is contended that under Social Services Law § 422 (5) an unfounded report is one where the allegation of abuse or maltreatment was not supported by “some credible evidence” (see, Social Services Law § 422 [5]). Counsel points out that under Social Services Law § 422 (5) prior to February 12, 1996 unfounded reports were required to be expunged. After February 12, 1996 unfounded reports were required to be sealed. It is argued that the report may be unsealed only under very limited circumstances: to the Office of Children and Family Services, in a situation, inter alla, where there is a subsequent report of suspected abuse or maltreatment; and to the subject of the report. It is argued that the court does not have the authority to unseal an unfounded report; that Social Services Law § 422 (12) attaches criminal liability to the unauthorized release of Child Protective records; and that under Social Services Law § 422 (5) an unfounded report shall not be admissible in any judicial or administrative proceeding or action.
As pertinent here, Social Services Law § 422 (5), as amended (see, L 1999, ch 136), recites as follows:
“5. Unless an investigation of a report conducted pursuant to this title * * * determines that there is some credible evidence of the alleged abuse or maltreatment, all information identifying the subjects of the report and other persons named in the report shall be legally sealed forthwith by the central register and any local child protective services or the state agency which investigated the report. Such unfounded reports may only be unsealed and made available:
“(i) to the office of children and family services for the purpose of supervising a social services district;
*914 “(ii) to the office of children and family services and local or regional fatality review team members for the purpose of preparing a fatality report * * *
“(iii) to a local child protective service * * * when investigating a subsequent report of suspected abuse or maltreatment involving a subject of the unfounded report, a child named in the unfounded report, or a child’s sibling named in the unfounded report;
“(iv) to the subject of the report; and
“(v) to a district attorney, an assistant district attorney, an investigator employed in the office of a district attorney * * * when such official verifies that the report is necessary to conduct an active investigation or prosecution of á violation of subdivision three of section 240.55 of the penal law[1] 23* * *
“Notwithstanding section four hundred fifteen of this title,[2] section one thousand forty-six of the family court act,[3] or, except as set forth herein, any other provision of law to the contrary, an unfounded report shall not be admissible in any judicial or administrative proceeding or action; provided, however, an unfounded report may be introduced into evidence: (A) by the subject of the report where such subject is a respondent in a proceeding [brought] under article ten of the family court act or is a plaintiff or petitioner in a civil action or proceeding alleging the false reporting of child abuse or maltreatment; or (B) in a criminal court for the purpose of prosecuting a violation of subdivision three of section 240.55 of the penal law. Legally sealed unfounded reports shall be expunged ten years after the receipt of the report.”
In the court’s view, the Legislature, in adopting Social Services Law § 422 (5), has provided a clear, overarching mandate that unfounded reports, that is, those reports not supported by credible evidence of abuse or maltreatment, are to be sealed. So great is this mandate that the Legislature has severely circumscribed the conditions under which such a report may be unsealed, both with regard to the circumstances which would permit disclosure, and the persons and entities to whom disclosure may be made. In the case of the District Attorney or Assistant District Attorney, the report may only be disclosed *915 for purposes of investigating or prosecuting a violation of Penal Law § 240.55 (3). Although it may be a harsh (and perhaps unanticipated) anomaly, the court does not discern within Social Services Law § 422 an exception predicated on the fact that the District Attorney’s office is prosecuting the subject of the unfounded report for an incident described in the report.
The People argue that Social Services Law § 422Ta also serves as a basis for the unsealing of the report. Said section recites, in pertinent part, as follows:
“1. Notwithstanding any inconsistent provision of law to the contrary * * * a city or county social services commissioner may disclose information regarding the abuse or maltreatment of a child as set forth in this section, and the investigation thereof and any services related thereto if he or she determines that such disclosure shall not be contrary to the best interests of the child, the child’s siblings or other children in the household and any one of the following factors are present:
“(a) the subject of the report has been charged in an accusatory instrument with committing a crime related to a report maintained in the statewide central register * * *
“3. Information may be disclosed pursuant to this section as follows:
“(a) information released prior to the completion of the investigation of a report shall be limited to a statement that a report is ‘under investigation’;
“(b) where there has been a prior disclosure pursuant to paragraph (a) of this subdivision, information released in a case in which the report has been unfounded shall be limited to the statement that ‘the investigation has been completed, and the report has been unfounded’;
“(c) if the report has been ‘indicated’ then information may be released pursuant to subdivision two of this section.”
While it is true that the defendant has been charged in an accusatory instrument with committing a crime related to a report maintained in the State-wide central register, there may be no disclosure under Social Services Law § 422-a since the report is unfounded (see, Social Services Law § 422-a [3] [b]).
The People have cited the case oí People v Berliner (179 Misc 2d 844 [New Rochelle City Ct 1999]) in support of their application. The Berliner case involved the prosecution of a defendant for falsely reporting an incident of child neglect under Penal Law § 240.55 (3). The incident of neglect had been *916 determined to be unfounded. During the course of a Huntley hearing the People made a motion to unseal the report prepared by Child Protective Services maintained by the West-chester County Department of Social Services.[4] The court directed that there be an in camera inspection of the report limited to a determination with regard to whether the report contained any information which would be probative of the charge's levied by the People against the defendant. The court reasoned, inter alla, that the sealing of an unfounded report is intended to shield those falsely accused of child abuse or neglect, not to protect those individuals accused of knowingly making false accusations. The court found that, as limited, the disclosure of the contents of the report would not violate Social Services Law § 422 (5). In this instance, the People seek an order to unseal the report to permit disclosure of information concerning the facts and circumstances underlying the unfounded incident of abuse or maltreatment. Following the reasoning enunciated in Berliner (supra) the court concludes that the report may not be unsealed.
The court notes that the subpoena duces tecum, on its face, requires production of records for trial in North Greenbush Town Court on December 15, 1999. Upon oral argument, the People conceded that the records themselves could not be admitted as evidence at trial (see, Social Services Law § 422 [5]). The real objective in seeking the subpoena was to use the records produced pursuant thereto as a method of ascertaining the identity of the social worker(s) who investigated the report. The People, upon learning their identity, intended to subpoena them to testify at trial. In K. v K. (126 Misc 2d 624 [Sup Ct, NY County 1984]) it was held that under Social Services Law § 422 (former [5]), where a report of abuse was expunged as unfounded, it was improper to subpoena a social services investigator to, in effect, recreate the inadmissible record, since this would be “an impermissible circumvention of the express purpose of the statute” (K. v K., supra, at 627). The court agrees with this reasoning.
Under all of the circumstances, the court finds that it is bound by the constraints set forth in Social Services Law § 422 (5). The court concludes that the application for a subpoena du-ces tecum must be denied.

. Falsely reporting an incident in the second degree.

. Social Services Law § 415 sets forth the reporting procedure to be following in reporting incidents of suspected child abuse or maltreatment.

. Family Court Act § 1046 contains provisions with regard to introduction of evidence during the course of a hearing in a child protective proceeding.

. The case predated the most recent amendment to Social Services Law § 422 (5), which added paragraph (v) (see, L 1999, ch 136).