■ In the Matter of KEVIN M. MCGUIRE, Appellant, v JANET DIFIORE, Respondent. [977 NYS2d 260]—

In a proceeding pursuant to CPLR 2304 to quash certain grand jury subpoenas, the petitioner appeals, as limited by its notice of appeal and brief, from so much of an order of the County Court, Westchester County (Zambelli, J.), entered March 13, 2013, as denied, as academic, those branches of the petition which were to quash so much of a subpoena duces tecum as sought a certain "indicated" report and certain "unfounded" reports of the New York Statewide Central Register of Child Abuse and Maltreatment, and denied that branch of the petition which was to quash so much of the subpoena duces tecum as sought certain closed family assessment and service track records.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, those branches of the petition which were to quash so much of the subpoena duces tecum as sought certain "unfounded" reports of the New York Statewide Central Register of Child Abuse and Maltreatment and certain closed family assessment and service track records are granted, and the matter is remitted to the County Court, Westchester County, for further proceedings consistent herewith.

In March 2013, the Westchester County District Attorney (hereinafter the District Attorney) issued a subpoena duces

tecum, on behalf of a grand jury, commanding the Commissioner of the Westchester County Department of Social Services (hereinafter DSS) to appear before the grand jury and produce any records relating to a child who had died in June 2012. DSS moved, inter alia, to quash the subpoena on the ground that the records are confidential pursuant to Social Services Law §§ 422 and 427-a.

The County Court erred in determining that the branch of the petition which was to quash so much of the subject subpoena as sought a certain "indicated" report of the New York Statewide Central Register of Child Abuse and Maltreatment (*see* Social Services Law § 422) was academic because the District Attorney already possessed that report. Even if a District Attorney is already in possession of an indicated report, pursuant to Social Services Law § 422 (4) (A) (f) the report may only be made available to a grand jury "upon a finding that the information in the record is necessary for the determination of charges before the grand jury" (*id.*). No such finding was made here. Thus, the matter must be remitted to the County Court, Westchester County, to determine whether the requisite finding is warranted here. If such finding is made, that branch of the petition which sought to quash the subject subpoena insofar as it sought the indicated report should be denied; however, if such finding is not made, that branch of the petition should be granted.

The County Court also erred in determining that the branch of the petition relating to certain "unfounded" reports was academic because the District Attorney was already in possession of those documents as a member of the fatality review and multidisciplinary investigative teams (hereinafter together the investigative teams) (*see* Social Services Law § 422 [5] [a] [ii], [iii]). Although the District Attorney was permitted direct access to those reports as a member of the investigative teams, under the circumstances of this case, the District Attorney was not permitted to redisclose those reports to the grand jury (*see* Social Services Law § 422 [5] [a], [b]). Furthermore, under the circumstances of this case, those reports were inadmissible in "any judicial or administrative proceeding or action" (Social Services Law § 422 [5] [b]; *see generally Matter of Damien H.*, 268 AD2d 475 [2000]). Therefore, the County Court should have granted that branch of the petition which was to quash so much of the subject subpoena as sought the unfounded reports (*see People v LV*, 182 Misc 2d 912 [Sup Ct, Rensselaer County 1999]; *see generally Matter of Stern v Morgenthau*, 62 NY2d 331, 337 [1984]).

Further, the County Court should have granted that branch of the petition which was to quash so much of the subject subpoena as sought certain closed family assessment and service track records, as the grand jury is not an entity to which such records are to be made directly available (*see* Social Services Law § 427-a [5] [d]), and none of the circumstances in which DSS is permitted to redisclose such records applies to the instant case (*see* Social Services Law § 427-a [5] [e]). Dillon, J.P., Angiolillo, Leventhal and Lott, JJ., concur.